ATLANTIC COAST LINE R. CO. v. DANIELS. SAME v. WILSON. SAME
v. WEEMS.

(Circuit Court, S. D. Georgia, E. D. July 16, 1909.)

1. COURTS (§ 508*)—STATE COURT PROCEEDINGS—COURTS OF CONCURRENT JU-
RISDICTION.

A federal court, except on the plainest grounds of imperative necessity,
will not enjoin a proceeding in a state court of concurrent jurisdiction,
properly pending therein, where on the face of the record it appears that
the action in the state court is not removable, and there has been no
fraudulent attempt to defeat the federal court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1430; Dec.
Dig. § 508.*

Enjoining proceedings in state courts, see note to Garner v. Second Nat.
Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575;
Copeland v. Bruning, 63 C. C. A. 437.]

2. REMOVAL OF CAUSES (§ 36*)—JOINDER OF DEFENDANTS—PURPOSE.

Where on the face of the record plaintiff appears to have a cause of ac-
tion against each of the defendants joined, one of whom is a resident of
the same state as plaintiff, it is not material that the actual purpose of
plaintiff in joining the resident defendant was to prevent a removal of
the cause to the federal courts.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79;
Dec. Dig. § 36.*

Fraudulent joinder of parties to prevent removal, see note to Offner v.
Chicago & E. R. Co., 78 C. C. A. 362.]

In Equity. Suits by the Atlantic Coast Line Railroad Company
against Dr. John W. Daniels, Mrs. Hattie W. Wilson, and Golden
Weems. Application for an injunction restraining the prosecution of
the suits pending in the state court. Denied.

Garrard & Meldrim, for plaintiff.
Osborne & Lawrence, for defendants.

SPEER, District Judge (orally). The bills presented call for the
exercise on the part of the court of a power, which, while it may exist,
should never be exercised except upon the plainest grounds of neces-
sity, imperative necessity at that, and that is the power to enjoin a pro-
ceeding in a court of concurrent jurisdiction. It is true that the appli-
cation is directed merely against the parties before the court, but it
is nevertheless in all essential respects a proceeding to enjoin the prose-
cution of a case pending in the state court. It is made to a court of the
United States, and the doctrines of comity which exist between those
courts are applicable here as they are applicable in all cases where
any question arises of conflicting or concurring jurisdiction. Now,
when we look at the record in this case, we see before his honor, Judge
Freeman, in the city court of Savannah, a suit on the face of which he
clearly had jurisdiction. It is against two or more tort-feasors. In
each case they are alleged to have inflicted the injuries for which the
actions are brought. A petition for removal is filed on behalf merely

*For other cases see same topic & §-NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of one of the defendants; that is, the nonresident railway company. It is based upon the ground only of diversity of citizenship. Nothing is said before Judge Freeman about sham defendants. Nothing is said in the petition for removal about a fraudulent scheme to defeat the jurisdiction of the United States court, and, a citizen of Georgia being a party defendant, that eminent jurist, on the record before him, I think, properly refused to remove the cases. Then an application is made to this court, entirely independently of the proceeding before him, on what is termed an "ancillary bill," for an injunction, and upon the averments that there are sham defendants, and the like, we are asked to enjoin the proceeding in the state court.

It does not occur to me that this is a case where that power should be exercised. It could be exercised. It was exercised in the case of Bailey (Atlantic Coast Line Ry. Co. v. Bailey [C. C.] 151 Fed. 891), so frequently referred to by counsel for complainants, but in that case it appeared from the face of the record that there was no cause of action against one of the defendants joined. That is not this case. Here, on the face of the record, the plaintiffs appear to have a case against each of the defendants joined. It may be that counsel had in mind the joining of these defendants to keep the case in the court which they preferred and to defeat the jurisdiction of this court. If, however, they are substantial defendants, if they really and actually, as alleged, contributed to the injury, it does not appear to me that plaintiffs are denied their legal right to have such wrongful conduct passed on in the state court.

The plaintiffs, then, are not denied their legal right to bring an action against such defendants and join them with the nonresident company. Each case must depend on its own facts and pleadings, and while, if it appeared from the face of the record before Judge Freeman that there were sham defendants, and that there was a fraudulent attempt to defeat the jurisdiction of this court, we might be obliged to grant the injunction, it does not appear so here, I think, therefore, that the defendants should be remitted to the usual procedure of an appeal, from Judge Freeman's decision refusing the order of removal, to the Supreme Court, or other proper appellate court of the state, and this court should not be called upon to do the always exciting and friction creating act of issuing an injunction against a proceeding in a court of concurrent jurisdiction.

For these reasons, the injunction will be denied.