ADDERSON v. SOUTHERN RY. CO. et al.

(Circuit Court, N. D. Georgia. April 4, 1910.)

No. 2,222.

REMOVAL OF CAUSES (§ 61*)—CODEFENDANTS—SEPARABLE CONTROVERSY.

Where, in an action against a railroad company for the death of plaintiff's husband, plaintiff's declaration alleged several joint and concurrent acts of negligence between the railroad company, a nonresident corporation, and the conductor and engineer, joined as codefendants, who were citizens and residents of the district, and then charged that the engineer was incompetent, stating several acts of negligent operation on his part and charging that the railroad company employed him, knowing that he

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was incompetent, such allegation raised a separable controversy between plaintiff and the railroad company, authorizing a removal of the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*

A separable controversy as ground for removal of cause, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

Action by Mrs. Louise Adderson against the Southern Railway Company and others. The case having been removed to the federal Circuit Court, plaintiff moves to remand. Denied.

S. D. Hewlett, for plaintiff.

McDaniel, Alston & Black, for defendant Southern Ry. Co.

NEWMAN, District Judge. This suit was brought originally in the state court by the plaintiff against the Southern Railway Company and Charles E. Perkins and John F. Chestnut, the engineer and conductor, respectively, of the train which it is alleged killed the plaintiff's husband. The case was removed by the defendant the Southern Railway Company, a nonresident corporation (the two individual defendants being citizens and residents of this district), to the Circuit Court of the United States, on the ground of a separable controversy between it and the plaintiff. A motion is now made to remand the case to the state court, for the reason that there is no separable controversy.

The plaintiff's declaration alleges several joint and concurrent acts of negligence between the railway company and the individual defendants, and then proceeds:

"Petitioner alleges that Chas. E. Perkins was an incompetent person; that the said Chas. E. Perkins did not blow at public crossings and stations, and ran his engine at a great and reckless rate of speed; that the said Perkins failed to check and to continue checking his train at public crossings; and that the said Perkins failed to signal the approach of the said engine and train of cars in thickly populated communities where pedestrians used the track of defendant company, and said Perkins failed to anticipate the presence of pedestrians on the track of defendant company in thickly populated communities, all of which facts were known to defendant company, and the defendant company was willfully and wantonly careless and negligent in allowing the said Perkins to operate the said engine by reason thereof."

This allegation that the railway company employed an incompetent person, well knowing him to be such, and was in that respect guilty of willful and wanton negligence, is made a ground of separable controversy in the petition for removal. A similar question to this was before the Supreme Court of Georgia in Southern Railway Company v. Edwards, 115 Ga. 1022, 42 S. E. 375. The opinion of the court, by Lumpkin, P. J., is short, and I quote it in full:

"An action was brought by Edwards, an employé of the Southern Railway Company, against it and Russell, one of its engineers, for personal injuries which Edwards suffered in consequence of having been struck by a lump of coal which fell from the tender of a passing locomotive of which Russell was in charge. The company, which is a nonresident of this state, is here upon a bill of exceptions assigning error upon the refusal of the trial court to grant an order removing the case to the federal court. The plaintiff in his petition alleges that both the company and Russell were guilty of a number of speci-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fied acts of negligence, one of which was overloading the tender with coal. It is in one paragraph of the petition also alleged that the company was negligent 'in not providing said engine with an engineer who was careful and prudent, and who would not have permitted said tender to be thus overloaded.'

"In Railway Co. v. Dixon, 179 U. S. 131 [21 Sup. Ct. 67, 45 L. Ed. 121], it was held that: 'When concurrent negligence is charged, the controversy is not separable.' The decision in this case, therefore, seems to be authority for the proposition that, in so far as related to the joint acts of negligence, the case made by the plaintiff's petition would not be one which could properly be removed to the United States court. Be that as it may, however, we are quite confident that, because of that paragraph of the petition 'specially mentioned above, the cause was removable. That paragraph certainly did not charge an act of 'concurrent negligence,' for it cannot be true that the company's negligence in providing a careless and incompetent engineer was an act in which the latter participated. Indeed, the plaintiff does not undertake to allege that this was so, but makes his charge of negligence with respect to employing an incompetent engineer against the company alone. As to this particular matter, therefore, there was a 'separable controversy' between the plaintiff and the company. The alleged negligent act of employing such an engineer, with resulting damages to the plaintiff, would, in and of itself, have given rise to a distinct cause of action involving a controversy wholly between citizens of different states, and a suit of this kind would certainly have been removable. It makes no difference that in the present case such a controversy exists in connection with others that may not be separable. The fact that there is in the suit 'a controversy which is wholly between citizens of different states, and which can be fully determined as between them,' brings the case within the removal act of 1887 [24 Stat. 552, c. 373 (U. S. Comp. St. 1901, p. 508)]. Black's Dillon's Removal of Causes, § 139. See, also, section 143, and cases cited. That there is a separable controversy must appear from the plaintiff's pleadings. Id. § 141. When removal is proper, the effect is to carry the entire case into the federal court. Id. § 142.

"The court erred in not granting the order of removal."

I think the reasoning of the court in that case is entirely sound, and, being so, it is conclusive of the case here. As stated by Judge Lumpkin, "it cannot be true that the act of negligence in providing a careless and incompetent engineer was an act in which the latter participated," and it is not so alleged in the declaration now before this court. After stating the fact of Perkins' incompetency, etc., it is alleged that:

"The said defendant company was willfully and wantonly careless and negligent in allowing the said Perkins to operate said engine."

In my opinion a separable controversy clearly appears, and consequently the case was properly removed to this court, and the motion to remand to the state court must be overruled.