BAINBRIDGE GROCERY CO. v. ATLANTIC COAST LINE R. CO. et al.

(Circuit Court, S. D. Georgia, Southwestern Division. May 5, 1910.)

REMOVAL OF CAUSES (§ 49*)—JOINT DEFENDANTS—SEVERABLE CONTROVERSIES—NECESSARY PARTIES.

Plaintiff corporation instituted suit against defendant railroad company, a noncitizen, and against the railroad company's engineer, a citizen of the same state as plaintiff, alleging the burning of plaintiff's warehouse by the joint negligence of the railroad company and the engineer, and that the fire was caused by the engineer's operation of an engine equipped with an improper spark arrester, also alleging that the engineer was negligent in handling the engine at the time and place alleged, so as to cause a great and unnecessary amount of sparks to be emitted. Held, that the engineer was not a necessary party to the determination of the controversy between plaintiff and the railroad company, the substantial defendant, since, if the locomotive had been equipped with a

proper spark arrester, no conduct of the engineer could have caused the emission of sufficient sparks to cause a fire; and hence the controversy between plaintiff and the railroad company was severable and removable to the federal courts.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*

Separable controversy affecting right to remove cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

At Law. Action by Bainbridge Grocery Company against the Atlantic Coast Line Railroad Company and another. On motion to remand cause to the state court. Denied.

Hawes & Pottle and Talley & Heyward, for plaintiff.

Bennet & Branch and Akerman & Akerman, for defendants.

SPEER, District Judge (orally). The entire topic discussed by counsel on both sides seems to be comparatively modern in time and singular in character. For a great many years during my service as judge I never heard a case against a railway corporation for negligence where the employés of the railroad were themselves joined in the action, and alleged to be substantial defendants. A very recent case in this court, brought by the McCrees against the Atlantic Coast Line Railroad, where one of the learned counsel insisted strenuously on his motion to remand, the negligence was charged directly to a section boss, the negligence which resulted in the destruction of their warehouse. This section boss had built a large number of fires along the right of way, the fires were not properly constructed, and, because of the fires and the wind blowing, the warehouse and manufactory of the plaintiffs was destroyed. If I mistake not, there was no effort to unite the section boss in the action. It was done without the knowledge of the railroad company at all, to whose action the injury and negligence was directly traceable. I mention that merely to illustrate the "modernity" as I might say of this doctrine now so strenuously insisted upon by counsel who move to remand this case.

It is a little startling to the court that an unfortunate engineer, who is himself dying with tuberculosis in an Atlanta hospital, is united as a substantial defendant to a great case involving a claim for $30,000 for the destruction of a warehouse. Can we suppose the suit would have been brought if the tuberculosis afflicted defendant were the sole party who had caused the injury? We think not. This million dollar Bainbridge Grocery Company would have charged its injuries up to profit and loss, and the courts would not have been troubled with the case at all. But there is another defendant, and that is the Atlantic Coast Line Railroad. It does not have tuberculosis. At the present it is in a high state of solvency. In this case the averment is made, not only against the railroad, but against the engineer, and in a great many of these cases now these poor employés of the railroad company are harassed and made anxious and distressed in whatever locality their dangerous work and occupation may lead them by the reflection that suitors in various courts are uniting them personally in actions with

the defendant company. I think the courts, some of them, have gone entirely too far in sustaining joinders of that character, when it is obviously clear that such joinders are made for the purpose of defeating the constitutional jurisdiction of the United States courts in controversies between citizens of different states. Now, it is very true that there are cases, many cases where there is a substantial joinder, and where the court should maintain, as far as it can, the right of the plaintiff to have his case tried in the state court. Several such cases were passed upon by this court in the case of Atlantic Coast Line Railroad Co. v. Daniels et al., 175 Fed. 302, 303, from which a portion of the decision has been excerpted by counsel for the plaintiff here in their interesting observations. In that case I held:

"A petition for removal is filed on behalf merely of one of the defendants; that is, the nonresident railway company. It is based upon the ground only of diversity of citizenship. Nothing is said before Judge Freeman of the state court about sham defendants. Nothing is said in the petition for removal about a fraudulent scheme to defeat the jurisdiction of the United States court, and, a citizen of Georgia being a party defendant, that eminent jurist, on the record before him, I think, properly refused to remove the cases. Then an application is made to this court, entirely independently of the proceeding before him, on what is termed an 'ancillary bill' for an injunction, and upon the averments that there are sham defendants, and the like, we are asked to enjoin the proceeding in the state court. It does not occur to me that this is a case where that power should be exercised. It could be exercised. It was exercised in the case of Bailey (Atlantic Coast Line Ry. Co. v. Bailey [C. C.] 151 Fed. 891) so frequently referred to by counsel for complainants, but in that case it appeared from the face of the record that there was no cause of action against one of the defendants joined. It may be that counsel had in mind the joining of these defendants to keep the case in the court which they preferred and to defeat the jurisdiction of this court. If, however, they are substantial defendants, if they really and actually, as alleged, contributed to the injury, it does not appear to me that plaintiffs are denied their legal right to have such wrongful conduct passed on in the state court."

Now, is this engineer a substantial defendant? In other words, is he a necessary party? Could not all the rights of the plaintiff and defendant be determined in this court, which had original jurisdiction as well as jurisdiction on removal by the Atlantic Coast Line Railroad Company? If the suit had been brought against the Atlantic Coast Line by an original proceeding here, would the case have been defeated upon the ground that the engineer was a necessary party, and that he ought to have been joined? If he was a necessary party, he must have been joined. But was he a necessary party? Not at all. So the case is severable. The suit might have been here brought by original process, and the engineer might never have been here save perhaps as a witness in the case. Must, then, this proceeding be annulled here and the case remanded to the state court by the unnecessary and superfluous addition to the record of a wholly unnecessary defendant? It is perfectly obvious that no substantial relief is claimed against him. The Coast Line Railroad Company is to pay the plaintiff if any judgment is obtained. And stronger than anything I have said it seems to me that the averments of the declaration show that it is a substantial case against the Coast Line Railroad, not for the misconduct of its engineer, who is in the transportation or locomotive department of the railroad, but because of a defect in machinery. That is in another

and entirely different department. Taking the declaration of the plaintiff as strongly as possible, it is alleged:

"Petitioner alleges that the injury and damage herein complained of was caused by the joint negligence of the said Atlantic Coast Line Railroad Company and the said H. S. Du Bose in the following particulars, to wit: (a) In operating at the time and place alleged an engine which was improperly equipped, in that the spark arrester would not arrest the sparks emitted from said engine, and did not do so on this occasion."

The negligence charged there against the engineer is that he operated the engine. Another ground of negligence, but against the company, is that there was not a proper spark arrester. This presents the true, the controlling, issue. If such instrumentalities were as fine as the development of the art of locomotive building has probably made them, and as the proof would probably show, no conduct of the engineer could have produced the conflagration which resulted because of the absence of a suitable spark arrester. It is further alleged:

"(b) In so negligently handling and operating said engine at said time and place as to cause a great and unnecessary amount of sparks to be emitted."

How operating and handling? What greater portion of sparks were emitted? Did the sparks negligently emitted set the building on fire? How can it be said that the engineer is to blame for that, and that there is such a substantial cause of action against him that the controversy is not severable? I think it is severable. I think that the case is against the Atlantic Coast Line Railroad Company, and we would have had jurisdiction here if it had been originally brought here, of course, but be that as it may, clearly there is no obligation on the court whatever to remand it.