CAYCE v. SOUTHERN RY. CO.

(District Court, N. D. Georgia.    April 22, 1912.)

No. 2,290.

1. REMOVAL OF CAUSES (§ 61*)—SEPARABLE CONTROVERSY.

A declaration against a railroad company and a conductor and operator employed by the company for injury to a passenger, alleging negligence of the company in running the train at high speed, without proper lookout, and charging defendant employés' negligence to have consisted in placing feight cars on the main line, where they collided with the passenger train, shows a separable controversy with the company, entitling it to remove the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*

Separable controversy ground for removal of cause, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

2. REMOVAL OF CAUSES (§ 84*)—APPLICATION—NOTICE—NECESSITY.

New Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. Supp. 1911, p. 128]), effective January 1, 1912, which requires notice of application for removal, does not apply to an order for removal made December 16, 1911.

[Ed. Note.—For other cases, see Removal of Causes. Cent. Dig. § 164; Dec. Dig. § 84.*]

At Law.    Action by S. F. Cayce against the Southern Railway Company.    On motion to remand.    Motion denied.

Westmoreland Bros., for plaintiff.
McDaniel & Black, for defendant.

NEWMAN, District Judge.    [1] This case was brought by the plaintiff in the superior court of Fulton county and removed by the defendant, the Southern Railway Company, to this court on the ground of separable controversy, and is now before the court on a motion to remand.

The declaration sets out that:

"On the 22d day of September, 1911, at Cornelia, Ga., the plaintiff's wife, Emma C. Cayce, boarded one of the trains of the Southern Railway Company for the purpose of being carried from said station to the city of Atlanta, and took a seat in the front of the coach in which she was riding, and at about 8:30 o'clock of the night of September 22, 1911, when the said train was within about eight miles of the city of Atlanta, in Fulton county, Ga., and a half a mile east of Armour's Station, the said passenger train reached what is known as the Peachtree creek trestle, or bridge, which is some 60 feet high, and on said trestle the said passenger train collided with a freight train of the defendant with such terrific force as to put out all the lights in the passenger coach in which the plaintiff's wife was riding, to throw all of the passengers out of their seats into the aisles of the coach and in other parts thereof, and, the plaintiff's wife being seated in the front of said coach, many of the passengers were piled up against and on top of her, and the passengers were screaming, hollering, and moaning there in that predicament something over one hour, not knowing what would happen next, before they were relieved from this perilous and uncomfortable situation."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The complaint then sets out the injuries received by the plaintiff, and further alleges as to the Southern Railway Company that:

"The said passenger train was some twelve minutes behind time and running at a high rate of speed, and the agents and servants of the Southern Railway Company in charge of the said passenger train were negligent in running into said freight train without a proper lookout ahead."

The paragraph which charges the negligence of the individual defendants is as follows:

"That the defendant Charles L. Webb was conductor of the freight train which collided with the passenger train on which the plaintiff's wife was a passenger, and the defendant P. W. Smith was operator at what is known as the 'block station' at Armour's, and plaintiff alleges that the defendant Webb was negligent in having his train pulled out from the side track, where it was out of the way of the passenger train, and placed on the main line, and the defendant P. W. Smith was negligent in giving said Chas. L. Webb, as conductor, what is known as the 'white board,' and in allowing him to pull his said freight train out on the main line where it would be in position to be run into by the said passenger train."

It will be seen that the cause of action, certainly on the grounds of negligence alleged against the Southern Railway Company, is entirely separate and distinct from the negligence alleged against the individual defendants Webb and Smith. A case is fully made against the Southern Railway Company by the allegations as to it, and a case is also fully made against the individual defendants by the negligence alleged against them. A recovery could be had against the Southern Railway Company on account of the negligence alleged against these employés in charge of the passenger train, and it would seem that a recovery might also be had against the individual defendants, if recovery could be had against them at all, on account of the negligence alleged specifically against them.

It is urged in argument that the declaration sets up joint and concurrent negligence. I do not think the declaration can be construed that way. In Southern Railway Company v. Edwards, 115 Ga. 1022, 42 S. E. 375, the Supreme Court of Georgia ruled, as stated in the headnote, as follows:

"Although there may, in a suit against two or more defendants, one of whom is a nonresident, be charges of concurrent negligence against all, yet, if there be also a distinct charge of negligence against the nonresident alone sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy between citizens of different states, and therefore removable to the proper United States court."

In Adderson v. Southern Railway Co. et al. (C. C.) 177 Fed. 571, this decision of the Supreme Court of Georgia was cited with approval.

The Southern Railway Company, through its servants and employés, is alleged to have been negligent in running (while being behind time) at a high rate of speed, and not having "a proper lookout ahead." The individual defendants were negligent in placing the freight cars on the main line. I think the two grounds of negligence are entirely separate and distinct, and upon the authority of the cases cited above and upon the general rule, the controversy of the plaintiff with the Southern Railway Company is a separable controversy.

It should have been stated that the plaintiff is a citizen of the state of Georgia and a resident of this district, that the Southern Railway Company is a corporation of the state of Virginia, and that the two individual defendants are citizens of the state of Georgia and residents of this district, so that, if a separable controversy exists as to the Southern Railway Company, there is no question about its right of removal on the question of citizenship.

[2] Counsel for the plaintiff has called attention to the recent act of Congress, known as the New Judicial Code, approved March 3, 1911, which requires notice of any application for removal. This act did not go into effect until January 1, 1912, and the order for removal in this case was signed December 16, 1911.

The motion to remand is denied.

The cases of Mrs. S. C. Cayce v. Southern Railway et al. and Mrs. Clara J. Pebley v. Southern Railway et al. have the same allegations, and are controlled by what has been said with reference to the suit brought by S. H. Cayce.