### PUCKETT v. COLUMBUS POWER CO. et al.

(District Court, N. D. Georgia. February 15, 1918.)

1. REMOVAL OF CAUSES ⬡⟶49(3)—SEPARABLE CONTROVERSIES—RIGHT TO REMOVAL.

Where plaintiff's declaration in an action begun in the state court, after setting forth a joint cause of action against his employer, a foreign corporation, and a local corporation, contained further averments disclosing a cause of action against his employer, based on the relation of master and servant, there was a separable controversy, which the employer, being a foreign corporation, could, under the Removal Act (Judicial Code [Act March 3, 1911, c. 231] § 28, 36 Stat. 1094 [Comp. St. 1916, § 1010]), remove to the federal court, for the cause of action for joint negligence was wholly distinct from the cause of action arising out of the relation of master and servant.

2. REMOVAL OF CAUSES ⬡⟶61—SEPARABLE AND DISTINCT CONTROVERSIES—DECLARATION.

Where there is a suit against two or more parties, and one only is a nonresident, and he seeks to remove the cause, the question whether there is such a separable and distinct controversy as to warrant removal is determined by the state of plaintiff's declaration at the time the cause is removed.

At Law. Action by James G. Puckett against the Columbus Power Company and the Postal Telegraph-Cable Company, begun in the state court and removed by the last-named defendant to the District Court on the ground of a separable controversy. On motion to remand. Motion denied.

Atkinson & Born, of Atlanta, Ga., for plaintiff.

T. T. Miller, of Columbus, Ga., and Anderson & Rountree, of Atlanta, Ga., for defendant Postal Telegraph-Cable Co.

F. U. Garrard and A. W. Cozart, both of Columbus, Ga., for defendant Columbus Power Co.

NEWMAN, District Judge. This is a case removed to this court from the superior court of Muscogee county, Ga. The plaintiff is a citizen and resident of the state of Georgia and of the Northern district thereof. The defendant Columbus Power Company is a Georgia

corporation. The defendant Postal Telegraph-Cable Company is a citizen and resident of the state of Delaware. The first will be called hereafter the "Power Company" and the latter the "Telegraph Company."

The petition for removal was filed with the superior court on the ground that there was a separable controversy between one of the defendants, the Telegraph Company, and the plaintiff. The order of the judge of the superior court of Muscogee county recites:

"Read and considered. It appearing to the court that written notice of the foregoing petition and bond for removal has been given to the plaintiff, and the petition and bond being in terms of law:

"It is ordered and adjudged that this cause be and the same is hereby removed to the District Court of the United States for the Northern District of Georgia, Western Division; and the clerk of this court is hereby directed to make up the record in said case for transmission to said court forthwith.

"In open court, this 4th day of August, 1917.

"G. H. Howard, Judge Superior Court, Muscogee County."

The case was thus removed, and a motion is now made to remand the same to the state court, on the ground that no separable controversy exists.

The plaintiff claims to have been severely injured by the defendants' negligence while working as the Telegraph Company's lineman on its lines of wires in Columbus, Ga. The Power Company's wires crossed the Telegraph Company's wires. The declaration undoubtedly states a joint cause of action against the two companies. The question here is: Does it also state a separate cause of action against the Telegraph Company, which is not a joint cause of action, and which makes a separable controversy in this case as against the Telegraph Company?

[1] In the declaration, after stating a joint cause of action against both companies, this occurs:

Paragraph 26: "Defendant Postal Telegraph-Cable Company was negligent, in that it furnished to your petitioner an unsafe place to work at the top of said telegraph pole, where your petitioner's duties required him to go and to be in order to cut down said telegraph wires, as your petitioner was ordered to do."

Paragraph 28: "Defendant Postal Telegraph-Cable Company was negligent in furnishing to your petitioner an unsafe place to work in cutting down the aforesaid telegraph wires at the top of said pole, by reason of allowing the said high-powered wire to be and remain in close proximity as aforesaid to said telegraph wires."

Paragraph 29: "Your petitioner did not know, and had no opportunity of knowing, that he was encountering any danger in going to the top of said telegraph pole to cut down said wires."

Paragraph 30: "Your petitioner did not know, and had no opportunity of knowing, that the master, Postal Telegraph-Cable Company, had furnished to your petitioner an unsafe place to work as aforesaid."

Paragraph 31: "Your petitioner did not have equal means with his master, Postal Telegraph-Cable Company, of knowing that said place was dangerous in which to work."

Paragraph 32: "Your petitioner did not have equal means with the defendant Postal Telegraph-Cable Company of discovering that the aforesaid place was dangerous in which to work."

Paragraph 33: "Your petitioner did not have equal means with the master, Postal Telegraph-Cable Company, of knowing or discovering that the aforesaid place had been rendered dangerous in which he was at work."

Paragraph 34: "Your petitioner mounted and climbed said pole in the line of his duties, to discharge the labors he had been ordered to do, apprehending no danger whatever."

Paragraph 35: "Said defendant Postal Telegraph-Cable Company was negligent in ordering your petitioner to cut down its wires from the top of said telegraph pole, knowing, or in the exercise of ordinary care it should have known, that at the top of said telegraph pole it was furnishing to your petitioner a dangerous place to work, without notifying your petitioner that it was furnishing a dangerous place in which he was required to work."

It will be seen that this states a separate and distinct cause of action against the Telegraph Company, and the law of master and servant is necessarily brought into the case and applied to the rights which are claimed as between the plaintiff and the Telegraph Company. No such law is involved and no such rights can exist between the plaintiff and the Power Company.

The language of the Removal Act (New Judicial Code, section 28 [Act of March 3, 1911, in force January 1, 1912]), is:

"And where a suit is now pending, or may hereafter be brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, may remove such suit into the District Court of the United States for the proper district," etc.

It will be seen from this that any suit in the state court, in which there is a "controversy" between a citizen of the state and a citizen of another state, is removable. Undoubtedly, where, in addition to a joint cause of action, stated against two defendants, there is a separate and distinct cause of action, stated between the plaintiff and one of the defendants, arising out of the relation of master and servant (such relation not existing as between the plaintiff and the other defendant), a separable cause of action is stated. Here such separable cause of action exists between the plaintiff and the nonresident defendant, the Telegraph Company. Of course, the duty to an employé arising from the relation of master and servant is a duty which cannot be charged to any one except the employer. The right claimed here against the Telegraph Company is that of being entitled to a safe place to work, and a claim for damages because he was injured by reason of the master's failure to provide him a safe place to work is an issue that could only arise between servant and master. The Power Company would not be liable in any way to the plaintiff for the duty which a master owes to his servant.

[2] Under the statute and under the authorities, where there is a suit against two or more parties, and one only is a nonresident, and he seeks to remove the case, there must be, of course, a separate and distinct controversy. Whether there is such a separate and distinct controversy is tested by the state of the plaintiff's declaration at the time the case is removed. Considering it so here, I am constrained to hold that a separable controversy exists in this case. The Supreme Court of Georgia, in So. Ry. Co. v. Edwards, 115 Ga. 1022, 42 S. E. 375, states very clearly the law which I think is applicable to this case. I have heretofore in two cases followed and approved that case and the law there stated. The first was the case of Adderson v. So. Ry. Co.

(C. C.) 177 Fed. 571, and subsequently in the case of Cayce v. So. Ry. Co. (D. C.) 195 Fed. 786. There is much authority upon the question of the right to remove cases because of a separable controversy, but I think it is unnecessary to refer further to the law. I have gone into this matter fully heretofore, and am satisfied with the decisions I have made on this subject.

These authorities control the case here, and the result is that the motion to remand must be overruled and denied; and it will be so ordered.