## WILLIAMS et al. v. YOUNGHUSBAND et al.
### No. 6295.

Circuit Court of Appeals, Fifth Circuit.

April 1, 1932.

Rehearing Denied April 29, 1932.

C. I. Carey and Erle B. Askew, both of St. Petersburg, Fla., for appellants.

John J. Twomey, of Tampa, Fla., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant Vera Williams, joined by her husband, sued appellees in a state court to recover damages for a personal injury which she sustained as a result of being run down by an automobile. On the motion of appel-

lees, who are citizens of Canada, the cause was removed to the federal District Court. The declaration alleges that at the time of the injury the automobile was being negligently driven by Cooper, and that he had it in his possession and was operating it on a public street with the knowledge, approval, and consent of Younghusband. A demurrer, based on the grounds that there was a misjoinder of parties defendant and that no cause of action was stated against Younghusband, was sustained, and, appellant declining to plead further or to amend her declaration by dismissing the suit as to Younghusband, there was judgment final on demurrer in favor of both appellees.

The action was joint and several, and so there was no misjoinder. The declaration admittedly was good as against Cooper, and, if there was a misjoinder as to Younghusband, it was the duty of the court to strike out his name and order the case to proceed against the party who appeared to be liable. Florida Compiled General Laws, § 4208. As to Younghusband, we think the judgment was right. Appellant relies for recovery against him on the rule of liability which was announced by the Supreme Court of Florida in Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A. L. R. 255, to the effect that, under the common-law doctrine of respondeat superior as applied to dangerous agencies, an automobile while being operated is a dangerous instrumentality, and that its owner is liable for the negligence of any one who is using it with his knowledge or consent. The rule so announced has been followed in the main in Eppinger & Russell Co. v. Trembly, 90 Fla. 145, 106 So. 879; Warner v. Goding, 91 Fla. 260, 107 So. 406; Herr v. Butler (Fla.) 132 So. 815; Engleman v. Traeger (Fla.) 136 So. 527, and Greene v. Miller (Fla.) 136 So. 532. But all of those cases dealt with the relation of master and servant or principal and agent, except Herr v. Butler, supra, in which the driver of the automobile was an adult son on a visit to his father who was the owner. It is true that in all of them language is used which is broad and comprehensive enough to include the owner of an automobile who consents to its use by another within the rule of liability above stated, but in no one of them was the declaration like the one in this case. Appellant's declaration does not allege that the driver was the agent, servant, a member of the family, or guest, of the owner; and so we think none of the cited cases is in point. It is consistent with the declaration, giving its equivocal allegations a liberal construction, that Younghusband and Cooper occupied the relation of bailor and bailee. In Florida it is held that, in the case of a bailment for hire, the rule of liability which prevails where the relation of master and servant or principal and agent exists does not apply, and that the bailor is not liable for an injury to a third person caused by the negligence of the bailee. White v. Holmes, 89 Fla. 251, 103 So. 623. The general rule is that the bailor is not so liable whether the bailment be for hire or gratuitous. Cooley on Torts, § 526; Huddy on Automobiles, §§ 771, 772. And we see no reason why the same rule of liability for negligence should not be enforced in both classes of bailment, for, in the one as in the other, the possession and control of the property bailed has passed from the bailor to the bailee as completely as if there had been a sale.

As to Younghusband the judgment is affirmed. As to Cooper it is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.