PAN-AMERICAN PETROLEUM COMPANY *v.* WILLIAMS.

No. 8918. JUNE 14, 1932.

The cases from this page to the close of the volume were argued and submitted before Justice Bell became a member of the court; and therefore he took no part in deciding them.

*Wilson, Bennett & Pedrick* and *Kelley & Dickerson,* for plaintiff in error.

*Mingledorff & Gibson* and *E. L. Grantham,* contra.

GILBERT, J. The Civil Code (1910), § 3613, declares: "All agents, by an express undertaking to that effect, may render themselves individually liable. And every agent exceeding the scope of his authority is individually liable to the person with whom he deals; so, also, for his own tortious act, whether acting by command of his principal or not, he is responsible; for the negligence of his underservant, employed by him in behalf of his principal, he is not responsible." It is to be noted that the section just quoted

states the law of Georgia as to the individual liability of agents, in three instances: (1) by "express undertaking;" (2) by "exceeding the scope of his authority;" (3) "for his own tortious acts;" and then the section states when the agent is not liable. "For the negligence of his underservant, employed by him in behalf of his principal, he is not responsible." The question as certified does not state that the agent A employed the agent B, or was authorized to employ him, or was in any way consulted or concerned with his employment by the corporation. It is stated in the certification that the agent A placed in charge of one of the trucks "the subagent B." From the fact that B is referred to as "the subagent and employee" this court might infer that B was employed by A. That, however, would be to decide a question of fact, and would render the question as certified one of mixed law and fact. It has been several times held that this court is not required to answer questions such as this. *Lynch* v. *Southern Express Co.,* 146 *Ga.* 68, 71 (90 S. E. 527); *Louisville &c. R. Co.* v. *Hood,* 149 *Ga.* 829, 834 (102 S. E. 521); *Brown* v. *State,* 149 *Ga.* 816 (102 S. E. 449). We therefore treat the words "subagent and employee" as merely meaning an "underservant," not "subagent" as technically defined by Bouvier. All of the facts stated with respect to the duties assigned to B are appropriate to an ordinary employee, without regard to the manner of his employment or who employed him. If plaintiff meant to charge that B was employed by agent A and that A was liable for the torts of B because the latter had not exercised "good faith and reasonable care in the selection of a suitable and proper subagent," the allegations should have been explicit and not inferential. It is stated in the certification that B was placed in charge of the trucks, under the circumstances therein stated, and "at the time B was put in charge of the truck for the purpose stated, he was an inexperienced boy, not yet twenty years of age, of a generally careless and negligent disposition and inattentive to matters of business entrusted to him, and particularly so with respect to the business of selling and delivering kerosene and gasoline; and all of this was well known to the Agent A at the time when he put B in charge of the truck."

We think it follows from what has been said above, that, "conceding that the corporation and B are jointly and individually liable in damages to C for the injuries so inflicted upon him, . .

the corporation's agent A" is not "individually so liable merely because, acting as such agent, he put B in charge of said truck under the circumstances heretofore stated." That ruling is in exact accord with Civil Code (1910) § 3613. The mere fact that the first headnote in *Morris* v. *Warlick*, 118 *Ga.* 421 (45 S. E. 407), concludes with the words "if due care has been used in his selection" can not alter the answer to the question. In that case the court was authorized to treat the subagent as being one technically within the definition given by Mr. Bouvier quoted above. If that case is in conflict with what is here ruled, it is also in conflict with the code section; and as it has the concurrence of only five Justices, it will not be followed.

*Answer in negative. Russell, C. J., Beck, P. J., and Atkinson and Hill, JJ., concur.*