## 21710. PAN-AMERICAN PETROLEUM CORPORATION
## v. WILLIAMS.

DECIDED AUGUST 8, 1932.

*Wilson, Bennett & Pedrick, Kelley & Dickerson,* for plaintiff in error.

*Mingledorff & Gibson, E. L. Grantham,* contra.

BROYLES, C. J. T. V. Williams brought a suit for damages against Pan-American Petroleum Corporation, Leonard Dockery, and Millard Dockery. The petition was filed in the city court of Douglas, Coffee county, and alleged, in part, as follows (the allegations as to the extent, severity, and permanency of the plaintiff's injuries are not set forth in this opinion, for the reason that they are immaterial upon the case's controlling questions now under consideration) :

"1. The defendant Pan-American Petroleum Corporation is a corporation chartered and existing under and by virtue of the laws of the State of Delaware and having an office, agent and place of doing business in the County of Coffee, State of Georgia, while the defendants Leonard Dockery and Millard Dockery are residents of Coffee County, Georgia.

"2. Said defendants have injured and damaged your petitioner

in the sum of one hundred thousand ($100,000.00) dollars, or other large sum, by reason of the facts hereinafter alleged.

"3. On the 7th day of April, 1931, the defendant, Pan-American Petroleum Corporation, by and through its agents and employees, Leonard Dockery and Millard Dockery, was engaged in the business of offering for sale, selling, and delivering from tanks of said corporation, conveyed by trucks, kerosene and gasoline to such persons as desired to buy.

"4. Sometime prior to the day named, the exact date being unknown to petitioner, said Leonard Dockery, acting within the scope of his authority as local manager for the Pan-American Petroleum Corporation in its said business in Coffee County, Georgia, had placed in charge of one of said trucks thus equipped the defendant Millard Dockery, for the purpose of offering for sale, selling, and delivering said products as heretofore alleged.

"5. Said Millard Dockery is, and was at the times herein mentioned, an inexperienced boy not yet twenty years of age, of a generally careless and negligent disposition and inattentive to matters of business entrusted to him, and particularly so with respect to the business referred to in the paragraph next preceding, all of which facts were well known to the defendants, Pan-American Petroleum Corporation and Leonard Dockery, at all of the times herein mentioned.

"6. On said date your petitioner, who was operating a retail filling station in the City of Douglas, Georgia, purchased from the defendant, Pan-American Petroleum Corporation, a certain quantity of fluid conveyed on said vehicle, and the same was placed by the said Millard Dockery, acting for and on behalf of his said employer, Pan-American Petroleum Corporation, as aforesaid, in petitioner's kerosene-dispensing tank at his said place of business.

"7. Said dispensing tank was the storage container in which petitioner kept kerosene for the purpose of dispensing and selling the same therefrom in quantities as called for by the customers of his said filling station, as well as any one else desiring to purchase kerosene, all of which facts were well known to each and all of said defendants at said time.

"8. The delivery of said fluid to petitioner and the placing of the same in his said kerosene dispensing tank by the defendant Millard Dockery, as heretofore alleged, was under, by virtue and in

fulfillment of an order for said quantity of kerosene that petitioner had some thirty minutes before given to the said Millard Dockery.

"9. About six o'clock on the evening of said date, some hour or more after said fluid had been placed in petitioner's dispensing tank as heretofore shown, the defendant, Millard Dockery, filled an ordinary kerosene lamp with a portion of said fluid taken from said kerosene dispensing tank, and placed the lamp thus filled on a shelf in the room of petitioner's said place of business.

"10. It happened that the defendant Millard Dockery had negligently and carelessly filled petitioner's said kerosene dispensing tank with gasoline, or a mixture of gasoline and kerosene in such proportions as to render it a very dangerous substance and highly explosive, in lieu of kerosene which plaintiff had ordered, as heretofore shown, and that the lamp, instead of being filled with kerosene, was thus filled with said gasoline or a mixture of gasoline and kerosene.

"11. Petitioner believing that the fluid which the defendant Millard Dockery had placed in said dispensing tank was kerosene, a substance much resembling gasoline in its superficial appearance but which is free from danger when handled in an ordinary manner, and as it was by petitioner on the occasion herein referred to, did on the evening of said date light the lamp by applying to its wick the flame of a lighted match, and had just replaced the glass chimney thereon when said fluid in the bowl of the lamp suddenly exploded with a violent report and terrific concussion, from which your petitioner was thrown to the floor in a helpless, unconscious-condition, while fragments of broken glass and the burning fluid were scattered well over the room and into petitioner's face and upon his body and clothes.

"12. Petitioner thus lay helpless upon the floor with his hands, arms, face and the upper portion of his body enveloped in flames of fire until he was rescued by persons who rushed to his aid."

"16. Petitioner charges that the defendants were each guilty of the following acts of negligence, each and all of which contributed to and were the direct, proximate, and natural causes of his said injuries and damage:

(a) In delivering to petitioner, for kerosene oil, as hereinbefore alleged, the said fluid which was gasoline or a mixture of a quantity of gasoline with kerosene, which said gasoline, or fluid with a

mixture of gasoline, was a very dangerous substance and highly explosive and liable to explode, causing destruction of and injury to human life and property.

(*b*) In placing and causing said fluid to be placed in petitioner's kerosene dispensing tank where it was likely to be dispensed and used by petitioner and others as kerosene.

(*c*) In filling said kerosene lamp with said gasoline or fluid mixed with gasoline taken from petitioner's kerosene dispensing tank, as heretofore shown, and placing it thus filled on a shelf in petitioner's said place of business where it would be liable to explode and injure petitioner and others who might attempt to light it.

(*d*) In placing in charge of said truck the defendant Millard Dockery, an inexperienced boy not yet twenty years of age, of a generally careless and negligent disposition, and inattentive to matters of business entrusted to him, as heretofore shown in paragraph five of this petition.

"17. In all of the matters and things hereinbefore alleged as contributing in any manner to plaintiff's said injuries and damage, he was free from fault or negligence and exercised all ordinary care and diligence.

"18. The said Leonard Dockery and Millard Dockery in all of the acts heretofore alleged to have been done and performed by them were acting for and as agents and employees of the defendant Pan-American Petroleum Corporation, and their acts were likewise the acts of the said Pan-American Petroleum Corporation."

In due time the Pan-American Corporation, the nonresident defendant, filed its petition for the removal of the case to the proper United States court, on the ground that the suit embraced a separable controversy that was wholly between the plaintiff and the nonresident defendant, and in which the two resident defendants were not involved. The judge of the trial court refused to grant the order of removal, and to that judgment the Pan-American Corporation excepted.

It is conceded by the eminent counsel for both parties in this case that if the petition does set up a separable controversy wholly between the plaintiff and the nonresident defendant, the cause is removable to the Federal court. And in *Southern Ry. Co.* v. *Edwards*, 115 *Ga.* 1022 (42 S. E. 375), the Supreme Court held:

"Although there may, in a suit against two or more defendants, one of whom is a nonresident, be charges of concurrent negligence against all, yet if there be a distinct charge of negligence against the nonresident alone, sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy between citizens of different States, and therefore removable to the proper United States court." That dictum was approved and followed by the United States Circuit Court (N. D. Ga.) in Adderson v. Southern Ry. Co., 177 Fed. 571. See also Puckett v. Columbus Co., 248 Fed. 353; Cayce v. Southern Ry. Co., 195 Fed. 786; McKenzie v. Standard Oil Co., 31 Ga. App. 615 (121 S. E. 847). One act of negligence alleged in the instant case against all three of the defendants was the placing of Millard Dockery, an alleged incompetent and untrustworthy person, in charge of one of the corporation's trucks used in the business of delivering and selling kerosene and gasoline, the subagent or employee Millard Dockery having been put in charge of the truck by Leonard Dockery, acting within the scope of his authority as local manager in Coffee county, of the Pan-American Corporation, and the incompetency of Millard Dockery being well known to Leonard Dockery and said corporation. Under the ruling in Southern Ry. Co. v. Edwards, supra, the negligent act of the defendant corporation (acting through its agent Leonard Dockery), in selecting an incompetent employee or subagent (Millard Dockery) to do certain work for it, was obviously an act in which Millard Dockery did not participate, and therefore as to such act there was no concurrent negligence by the defendant corporation and Millard Dockery, its subagent. It clearly appears, therefore, that this charge of negligence raised a separable controversy (in so far as Millard Dockery is concerned) wholly between the plaintiff and the nonresident defendant.

■ We will now consider the status of Leonard Dockery, the other resident defendant. It is well settled that where a nonresident corporation and its resident employee are joined as defendants in a suit filed in a State court, the corporation may remove the case to the proper Federal court if the petition fail to set forth a cause of action against the resident employee. Plunkett v. Gulf Refining Co., 259 Fed. 968 (2). The question then is, did the plaintiff's petition set out a cause of action against Leonard Dockery, as an individual, merely because, acting as the agent of the non-resident

corporation, he placed Millard Dockery in charge of the corporation's truck under the circumstances stated in the plaintiff's declaration. This question was certified by this court to the Supreme Court, and that court, in a decision rendered on June 14, 1932, held, in substance, that the plaintiff's petition did not set out a cause of action against Leonard Dockery as an individual. The last paragraph of the Supreme Court's decision is as follows: "We think it follows from what has been said above, that, conceding that the corporation and B [Millard Dockery] are jointly and individually liable in damages to C [the plaintiff] for the injuries so inflicted upon him, . . the corporation's agent A [Leonard Dockery] is not 'individually so liable merely because, acting as such agent, he put B in charge of said truck under the circumstances heretofore stated.' That ruling is in exact accord with Civil Code (1910), § 3613. The mere fact that the first headnote in *Morris* v. *Warlick,* 118 *Ga.* 421 (45 S. E. 407), concludes with the words 'if due care has been used in his selection' can not alter the answer to the question. In that case the court was authorized to treat the subagent as being one technically within the definition given by Mr. Bouvier quoted above. If that case is in conflict with what is here ruled, it is also in conflict with the code section; and as it has the concurrence of only five Justices, it will not be followed." 174 *Ga.* 875 (164 S. E. 759).

█ It is the settled rule that "where there is a suit against two or more parties, and one only is a non-resident, and he seeks to remove the cause, the question whether there is such a separable and distinct controversy as to warrant removal is determined by the state of plaintiff's declaration at the time the cause is removed." Puckett *v.* Columbus Power Co., 248 Fed. 353 (2).

It is the opinion of this court that the plaintiff's petition in the instant case, properly construed, discloses a separable and distinct controversy wholly between him and the nonresident defendant.

From the foregoing rulings it follows that the trial judge erred in denying the Pan-American Corporation's petition for the removal of the cause to the proper United States court.

*Judgment reversed. Luke and Hooper, JJ., concur.*