DAVIS v. ST. LOUIS & S. F. RY. CO. et al.

No. 2029.

District Court, N. D. Oklahoma.

Nov. 5, 1934.

Robert W. Gibbs, of Tulsa, Okl., for plaintiff.

Coffey, Seaton & Coffey, of Tulsa, Okl., for defendants Clarence Smith and Mrs. Clarence Smith.

Cruce & Satterfield, of Oklahoma City, Okl., for defendants St. Louis & S. F. Ry. Co., James M. Kurn, John G. Lonsdale, James M. Kurn and John G. Lonsdale, receivers for St. Louis & S. F. Ry. Co., and Felip Portilloz.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted for the recovery of damages for an alleged injury to plaintiff by reason of the negligence of the defendants. The action was instituted in the District Court of Tulsa county, Okl., and within the time fixed by statute was properly removed to this court by the defendants James M. Kurn and John G. Lonsdale, individually and as receivers for St. Louis & San Francisco Railway Company, said defendants being nonresidents of the state of Oklahoma. The cause comes on for hearing upon the plaintiff's motion to remand the same to the state court.

Plaintiff's petition alleges, in substance, that he was injured by reason of having driven an automobile upon a road which had been closed to public travel, leading up to a crossing maintained by the receivers of the railroad company, and into a wire fence. It is charged in plaintiff's petition that the defendant railway company had maintained a crossing at the point where the injury occurred for many years; that the road leading up to the crossing had been paved and that the paved road had been abandoned; that the abandoned paved road had been closed and barricaded by the state highway department; that the resident defendants Clarence Smith and Mrs. Clarence Smith are the owners of the lands and premises adjacent to the right of way of the railroad company, and that the Smiths had removed the barricade established by the state highway department, closing the abandoned road, leaving the road open at the end where it intersected the new paving, and that no barricades had been placed or warning signs posted at the intersection of the new paved road with the abandoned road; that the abandoned road pre-

sented a smooth, unbroken, unbarricaded, and apparently safe road to travel upon; and that the condition had existed about eighteen months. It was further alleged that the barricade had been built by the state highway commission at a point about 100 feet south of the tracks of the defendant railway company, which said tracks run parallel to the road; that the defendant railway company, and its receivers, when abandoning the crossing, did negligently and carelessly close the crossing by placing a post on either side of the pavement, which posts were about 30 feet apart, in violation of section 5537, Comp. Statutes of Oklahoma 1921, which provides that such posts shall not be more than one rod apart, and stretching across the paved road three or four strands of galvanized barbed wire, which wire was light gray in color, and was invisible in twilight or nighttimes by persons approaching the wire; that the removal of the barriers by the defendants Smiths was known to the railroad company and its receivers, acting through Felip Portilloz, the agent, employee, and section foreman of the railway company, or would have been known to them and each of them if they had used ordinary diligence and care; that after the removal of the barriers by the defendants Smiths, that all of the defendants allowed the wire above mentioned, closing the railway crossing, to be the only obstruction across the road; that the defendants, nor any of them, did not erect any barricade across the pavement leading up to the wires so stretched across the paved road, nor did they post any warning signs or in any way give notice to the traveling public of the condition of the right of way fence of said railway company across the abandoned road, but that the defendants permitted the road and fence to remain in that condition for about eighteen months; and that the injuries of the plaintiff, received while traveling upon the abandoned road, and running into the barbed wire fence, during the nighttime, were caused by the individual and concurring acts or negligence upon the part of the defendants as alleged in plaintiff's petition.

The defendant Felip Portilloz, as well as the defendants Smiths, are residents of the state of Oklahoma. The removing defendants, receivers of the railway company, are nonresidents, and base their right of removal upon the existence of a separable controversy existing between them and the plaintiff.

The petition does not charge the defendant Felip Portilloz with active negligence; but allegations of negligence against this defendant are nonfeasance or omission upon his part. It is well established that the mere nonfeasance or omission of the resident superintendent or foreman to perform his duties to his master, of inspection and repair, does not render him liable to third persons for injuries occasioned because of such nonfeasance or omission, he having a duty to his employer rather than to the injured third person. Morefield v. Ozark Pipe Line Corporation et al. (D. C.) 27 F.(2d) 890; C., R. I. & P. Railway Co. v. Witt, 144 Okl. 246, 291 P. 59. Since no cause of action is stated against the resident defendant Felip Portilloz, his joinder as a defendant does not prevent the removal of the case to the federal court.

The allegations of negligence against the defendants Clarence Smith and Mrs. Clarence Smith, residents of Oklahoma, consists of the removal of the barricades placed by the state highway commission across an abandoned paved road. The removal of the barricade, and the permitting of the galvanized white barbed wire across the abandoned road, at the railway crossing, are the only acts of negligence charged against the resident defendants Smiths.

The nonresident defendants, the receivers of the railway company, are charged with stretching the galvanized barbed wire fence across the paved road on the right of way and that the fence was not built as required by the Oklahoma statute in that the posts in the fence were located 30 feet apart rather than 16½ feet. The nonresident defendants are further charged with negligence in their failure to place the barricades or obstructions across the road for the purpose of warning the traveling public that a wire had been placed across the track. The defendants Smiths are not charged with any connection with the nonresident defendants in the stretching of the barbed wire across the right of way, and neither are they charged with the violation of the state statute requiring a distance of 16½ feet between posts in such a fence, when it is alleged said posts were placed 30 feet apart. This charge of negligence constitutes a separable controversy in that separate allegations of negligence are made against the nonresident defendants, in which the resident defendants have no connection. It is well established that, if the complaint or petition alleges facts showing separate causes between the plaintiff and the nonresident defendant, the joinder of a resident defendant will not defeat the removal. Cayce v. Southern R. Co. (D. C.) 195 F. 786.

It has been held that although there may be, in a suit against two or more defendants, one of whom is a nonresident, charges of concurrent negligence against all, yet, if there is also a distinct charge of negligence against the nonresident alone, sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy and removable. McIntyre v. Southern R. Co. (C. C.) 131 F. 985; Puckett v. Columbus Power Co. (D. C.) 248 F. 353; Cayce v. Southern R. Co., supra.

In the instant case, plaintiff clearly undertakes to state a cause of action against the nonresident defendants because of their failure to comply with the statutes of the state of Oklahoma in the construction of a fence along the right of way. By so doing, the plaintiff has stated a separable cause of action against the nonresident defendants, entitling them to a removal of the case to this court.

The motion to remand is overruled.