## FLOYD v. FORD MOTOR CO. et al.
### No. 4480–J.

. District Court, S. D. Florida, Jacksonville Division.

March 12, 1936.

Will O. Murrell and Gov Hutchinson, both of Jacksonville, Fla., for plaintiff.

Marks, Marks, Holt, Gray & Yates, of Jacksonville, Fla., for defendants.

STRUM, District Judge.

In a common-law action instituted in a Florida state court and thence removed here, plaintiff Rosa Floyd, a citizen of Florida, sued Ford Motor Company, a Delaware corporation, and Irene Johnson and C. S. Des Champs, citizens of Florida, to recover damages for personal injuries. Plaintiff moves to remand, asserting that requisite diversity of citizenship is lacking.

The declaration alleges that "the defendant Ford Motor Company, a corporation, and C. S. Des Champs were the owners of an automobile which was being operated * * * (by Irene Johnson) * * with the knowledge and consent of the defendants Ford Motor Company and C. S. Des Champs * * *" and that said Irene Johnson negligently ran the same against an automobile in which plaintiff was riding, thereby injuring plaintiff.

The question now presented is whether or not there is a separable controversy which can be fully determined here as between plaintiff and the removing defendant Ford Motor Company. 28 U.S.C.A. § 71; Salem Trust Co v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L. Ed. 628, 31 A.L.R. 867. This is not a case such as Alabama G. S. R. Co. v. Thompson, 200 U.S. 206, 212, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147, nor Baker v. Jacksonville Traction Co. (D.C.) 247 F. 718, in which a citizen servant is joined as a codefendant with his noncitizen master and the latter charged with liability under the doctrine of respondeat superior solely by reason of the wrongful act of the servant. Here no relationship of master and servant is alleged. The suit is apparently grounded upon the Florida state doctrine that an automobile owner is liable for its negligent operation by another with the owner's knowledge and consent. Herr v. Butler, 101 Fla. 1125, 132 So. 815; Greene v. Miller, 102 Fla. 767, 136 So. 532; Western Union Tel. Co. v. Michel (Fla.) 163 So. 86; Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255.

Leaving out Des Champs for a moment, and considering the declaration as if it alleged that Ford Motor Company was the owner of the automobile and that it was negligently operated by Irene Johnson with the knowledge and consent of Ford, a separate controversy removable to this court would clearly be presented. As to Irene Johnson, the controversy would be whether she negligently operated the automobile to the damage of plaintiff. As to Ford, it would be whether such operation was with Ford's knowledge and consent, assuming negligence on the part of Johnson.

Joint ownership of the automobile being alleged in Des Champs, a Florida citizen, and Ford Motor Company, a Delaware citizen, even under the doctrine adopted by the Florida courts the quoted allegations present, aside from the question of negligence, two controversies: (1) Was the car operated by Johnson with the knowledge and consent of Ford? and (2) Was the car operated by Johnson with the knowledge and consent of Des Champs?

Notwithstanding the alleged joint ownership of the automobile, these are separable controversies. In the circumstances alleged in the declaration, joint ownership does not alone fix liability. Even under the Florida decisions, it is ownership coupled with operation by another with the owner's knowledge and consent, that gives rise to liability. Ownership alone is not enough. Knowledge and consent of the owner is a sine qua non of liability.

Notwithstanding the alleged joint ownership of the automobile by Des Champs and Ford, if it were being operated by Irene Johnson with the knowledge and consent of one joint owner but not of the other, there would be no liability on the part of the latter, even under the Florida decisions. Cf. Williams v. Younghusband (C.C.A.) 57 F. (2d) 139. Whether or not the automobile was being operated with the knowledge and consent of the alleged joint owners constitutes a separable controversy as to each, as it may have been operated with the knowledge and consent of one but not the other. Absence of knowledge or consent on the part of either joint owner would defeat recovery as to him, and thus constitute a complete determination of the controversy as to that owner. It is not alleged that knowledge was acquired jointly or that consent was given jointly.

Ford Motor Company is therefore entitled to have determined in this court the separable controversy as to it, i. e., whether or not Irene Johnson was operating the automobile with the knowledge and consent of Ford Motor Company. This controversy can be fully determined between plaintiff and Ford Motor Company without reference to whether or not the operation was with the knowledge and consent of the other alleged joint owner Des Champs. Cf. Bainbridge Grocery Co. v. Atlantic Coast Line R. Co. (C.C.) 182 F. 276; Puckett v. Columbus Power Co. (D.C.) 248 F. 353; Fergason v. Chicago, etc., R. Co. (C.C.) 63 F. 177; McIntyre v. Southern R. Co. (C. C.) 131 F. 985; Evansberg v. Insurance, etc., Co. (C.C.) 168 F. 1001; Adderson v. Southern R. Co. (C.C.) 177 F. 571; Marach v. Columbia Box Co. (C.C.) 179 F. 412; Cayce v. Southern R. Co. (D.C.) 195 F. 786.

Motion to remand denied.