J. W. ALBRITTON, *et al., Appellants,* v. W. A. SCOTT, *Appellee.*

Opinion Filed April 6, 1917.

1. When a homestead to which the exemption from forced sale is attached is sold in violation of the exemption rights conferred by the constitution, such sale is void. A mere failure to resist the sale is not a waiver of the exemption rights.

2. Where specific performance is sought, a Chancellor will not be held in error for requiring testimony to be taken on complicated matters of fact presented for decision on bills and answers and exceptions to the answer when no abuse of discretion appears.

Appeal from Circuit Court for DeSoto County; F. A. Whitney, Judge.

Order affirmed.

*John W. Burton* and *John B. Singeltary,* for Appellants;

*Treadwell & Treadwell,* for Appellee.

PER CURIAM.—This appeal is from a decree that is in part at least interlocutory; and as further proceedings should be had to properly determine the equities involved, a full statement of the voluminous pleadings will not now be made .

Scott brought suit to cancel conveyances made by the sheriff and the purchasers at a forced sale of property then owned by Scott and occupied by him and his family as a homestead and also to enforce specific performance of a contract for the sale of the property made with J. W. Albritton as vendee before the sheriff's sale and for other purposes not necessary to be stated. A hearing was had on bill, answer and exceptions to the answer. The court decreed a cancellation of the conveyance of the property under forced sale, no waiver of the homestead exemption rights appearing. The decree further ordered "that for the purpose of doing complete equity between the parties according to the prayer of the bill, that this cause be referred to a Master In Chancery, to be agreed upon by counsel, for the purpose of taking such evidence as the parties are advised with reference to the issues involved in the pleadings, as to what the contract was between the complainant and the defendant.

That the complainant take such action with reference to properly relieving the records by satisfaction, or otherwise, as he is advised is necessary, of the International Harvester Company judgment, and that the complainant also produce an abstract showing authentically the condition of said title and file the same for the inspection of counsel for defendant, and that said Master report such evidence and his conclusions as to the condition of such title. and any defects therein, if any remain uncleared, and also an account of the money expended, with interest, by the said defendant Albritton in relieving

said title from the incumbrance of the mortgage to the State Bank of Bowling Green, as well as taxes or tax sales."

On appeal from this decree the defendants below advance numerous contentions that reversible error was committed, but they do not show an abuse of discretion in the Chancellor. When a homestead to which the exemption from forced sale is attached, is sold in violation of the exemption rights conferred by the constitution, such sale is void. A mere failure to resist the sale is not a waiver of the exemption rights.

It cannot be said on this record that the Chancellor erred in requiring evidence to be taken on the complicated material matters presented by the pleadings.

The order appealed from is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.