MALCOLM E. WHITE, *Plaintiff in Error*, v. JOHN HOLMES, *Defendant in Error.*

En Banc.

Opinion Filed March 16, 1925. ·

Where one who keeps automobiles for hire, in the usual course of such business, hires an automobile without a driver to another, who in operating the car injures a third person, the owner of the car is not liable in damages to the injured party, at least in the absence of a showing that the owner of the car was negligent in hiring a defective car or in hiring the car to one he knew or should reasonably have known was not a proper person to operate it on the public highway.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

·Reversed.

*Kehoe & Kehoe,* for Plaintiff in Error;

*Philip D. Beall* and *John M. Coe,* for Defendant in Error.

WHITFIELD, J.—This writ of error was taken to a judgment awarding damages against the owner of an automobile for an injury done in the operation of the automobile by a bailee for hire of an automobile from its owner who kept automobiles for hire. The owner did not furnish the driver and it is not shown to have been negligent in hiring a defective car (Collette v. Page, — R. I. —, 114 Atl. Rep. 136, 18 A. L. R. 74), or in hiring the automobile to one he

knew or should reasonably have known was not a proper person to operate it on the public highway. See Wilson v. Brauer, — N. J. —, 117 Atl. Rep. 699. There was no relation of master and servant or of principal and agent between the bailor and the bailee, but a mere bailment for hire by one engaged in the particular business of hiring automobiles without drivers to others for their own purposes.

The facts of this case do not support a rule of liability on the part of the owner of the automobile. See Rhodes v. Bonde, 152 Minn. 398, 188 N. W. Rep. 1002; Atkins v. Points, 148 La. 958, 88 South. Rep. 231; Hornstein v. Southern Boulevard Ry. Co., 138 N. Y. S. 1080; Huddy on Automobiles (7th ed.) 771.

The rules of liability stated in Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 South. Rep. 975, and Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 South. Rep. 629, have reference to the facts of those cases showing a relation of employer and employee or principal and agent.

The present statutes of the State regulating the operation of motor vehicles on the highways in the State do not require an extension of the rule of liability applicable to owners of motor vehicles as stated in the above cited cases.

. Reversed.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur.