EPPINGER & RUSSELL COMPANY, (INC.,) A CORPORATION, ETC., *Plaintiff in Error*, v. F. H. TREMBLY, JR., BY F. H. TREMBLY, HIS NEXT FRIEND, *Defendant in Error*.

En Banc.

Opinion Filed July 13, 1925.

Where an employee, without the knowledge or consent of his employer, operates the employer's motor vehicle upon the public highways for the employee's purposes alone, and in doing so injures another person, the employer is not liable for such injury.

A Writ of Error to the Circuit Court of Duval County; DeWitt T. Gray, Judge.

Reversed.

*Wm. A. Hallowes, Jr.,* and *Miles W. Lewis*, for Plaintiff in Error.

*John W. Dodge,* for Defendant in Error.

WHITFIELD, J.—This writ of error was taken to a judgment awarding damages for personal injuries to the plaintiff below alleged to have been caused by negligent operation of a motor vehicle of the defendant below. It appears that an employee of the defendant had on Saturday been authorized by the defendant to operate the motor vehicle on the public highways for a specified purpose of the defendant; that on the next day, Sunday, apparently without the knowledge or the express or implied authority of the defendant, the same employee was operating the motor vehicle on the public highway for his own purposes when the injury occured by the alleged negligence of the employee in operating the motor vehicle. Damages were

awarded to the plaintiff upon the theory that the defendant is liable for the injury shown if the defendant had, the day before the injury, authorized the operation of its motor vehicle for its purpose on the public highways by its employee, whether the employee was engaged in employer's or the employee's business the next day at the time of the injury.

The court gave the following charge: "The important question is whether the defendant gave its employee, one Sweat, either express or implied permission to use the auto truck, to take it into his custody or control and operate it on the public highways, and it is immaterial whether the employee was using it in the defendant's business or the course of his employment as a servant of defendant or in the personal business or personal pleasure of the employee. The kind of use of which the employee was using the auto truck, that is whether for defendant or himself, is not material."

The court also charged the jury: "If you find from the evidence that on a Saturday, preceding the day of the alleged injury to the plaintiff, an agent of the defendant, in charge of the defendant's motor truck, entrusted that motor truck to one Sweat to tune up same, or otherwise work on same, and did not expressly or impliedly authorize the said Sweat to operate the same on the public highways, and that on the day of the injury to the plaintiff the said Sweat had the said motor truck, and operated the same for his private business, and for a pleasure trip, without the knowledge, consent or acquiescence of the defendant and that such operation was not within the scope of the said Sweat's employment, or about the business of the defendant, and that while said Sweat was so using said motor truck, the plaintiff was by the said Sweat's operation, thereby injured and damaged, you should find the defendant not guilty."

The charge first above quoted does not comport with the law of this State. In Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 South. Rep. 975, it is said: "Where with the acquiescence of the employer an employee while engaged with the employer's automobile in the general line of his authority uses the automobile for his own purposes, and while doing so injures one on the street, the jury should be permitted to determine under appropriate instructions whether the defendant employer is liable." The opinion in Southern Oil Co. v. Anderson, 80 Fla. 441, 86 South. Rep. 629, means no more when considered with reference to the controlling facts of that case, which were, briefly stated, that "the car was being operated by an employee of the (defendant) corporation, with the expressed or implied permission to use it. While attending to a purely personal matter he negligently drove it against plaintiff in error, thereby causing the injury complained of." In the case now before us it is not sufficiently shown by the evidence that at the time and place of plaintiff's injury the auto truck was being operated upon the highway with the knowledge or consent of defendant, either express or implied. See also White v. Holmes, decided March 16, 1925. The jury did not observe the instruction last above quoted.

Reversed.

WEST, C. J., AND ELLIS, TERRELL, STRUM AND BROWN, J. J., concur.