H. L. HERR, *Plaintiff in Error,* vs. ANNIE M. BUTLER, joined by her husband, JOSEPH C. BUTLER, *Defendants in Error.*

Division B.

Opinion filed March 12, 1931.

Petition for rehearing denied April 17, 1931.

1126

*Jackson, Dupree & Cone,* for Plaintiff in Error;

*Spear, Viney, Skelton & Pearce,* for Defendant in Error.

BUFORD, C.J.—This case is before us on writ of error attacking the judgment of the Circuit Court of Pinellas County against the plaintiff in error in favor of the defendants in error for damages resulting from an automobile accident.

The record discloses that the accident occurred on a street in St. Petersburg, Florida. The automobile belonging to the plaintiff in error was being driven at the time of the accident by one G. L. Herr, 49 years of age, the son of H. L. Herr, who was then on a visit from his home in Buffalo, N. Y., to his father and mother in their home in St. Petersburg, Florida. The automobile was being driven by G. L. Herr, while a guest of his father's in his father's home, with the knowledge and consent of his father, H. L. Herr, the owner of the automobile.

There is conflict in the evidence as to material matters, all of which have been resolved by the jury in favor of the plaintiff below, the defendants in error here. There was no plea of contributory negligence and therefore, no question of contributory negligence on the part of the plaintiffs in the court below was raised in that court.

There is substantial evidence disclosed by the record as to all material issues sufficient to constitute a basis for the verdict of the jury.

The main contention made here is that because G. L. Herr was not a member of the household of the owner of the automobile and not employed by the owner of the automobile and was not shown to be on business in behalf of and at the direction of the owner of the automobile, the owner of the automobile is not liable for the damage caused by the negligent operation of the automobile by the driver thereof.

It appears that this case comes well within the rule as stated in the case of Southern Cotton Oil Co. vs. Anderson, 80 Fla. 441, 86 Sou. 629, in which the Court say:

"A motor vehicle operated on the public highways is a dangerous instrumentality, and the owner who intrusts it to another to operate is liable for injury caused to others by the negligence of the person to whom it is intrusted."

"An automobile operated upon the public highways being a dangerous machine, its owner is responsible for the manner in which it is used, and his liability extends to its use by anyone with his knowledge or consent."

"The Legislature, under its police power to protect the public from dangerous instrumentalities using the highways, has imposed rigid restraints, regulations and restrictions upon the use of motor vehicles, thus recognizing the danger from their operation, which makes owners liable in damages under the doctrine of respondent superior as applied to dangerous agencies."

"Chapter 7275, Acts 1917, treats the automobile when operated on the public highways as a dangerous instrumentality, so as to require special regulation and control under the police power, and it is not divested of its dangerous character in an action for damages caused by the negligence of the operator, who is using the car with the owner's knowledge or consent."

The above enunciations are supported by authorities cited by Mr. Chief Justice Browne in the able opinion prepared by him for this court in the cause above cited and, in view of the full and clear discussion of these principles in that opinion, it is not needful that they should be further discussed here.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissent.

BROWN, J., (dissenting) :

While an automobile, even one which is in good running order, may be *potentially* dangerous, I do not think it such a dangerous instrumentality *per se* as to render the owner thereof liable for injury resulting from its operation, unless it is negligently operated by him or by some person for whose act he is responsible under the doctrine of respondent superior. See note in 16 A. L. R., p. 270; Huddy on Automobiles, 8th Ed., Sections 35 and 36; Anderson v. So. Cotton Oil Co., 73 Fla. 432, 74 So. 975.

ELLIS, J., concurs.

DAVIS, J. (concurring) :

The doctrine of *respondeat superior* is not always limited to cases where the strict relationship of master and servant exists but may apply in cases where the relationship is that of principal and agent only. 1 Thompson's Commentaries on the Law of Negligence, Par. 519. One who casually

entrusts his automobile to a stranger, even to operate it only for the stranger's own benefit, where the relationship is not specifically one of bailment, necessarily vests the person who obtains possession of the car, with authority to manage. it, care for it, protect it and properly operate it to the end that such car may be later safely returned to the owner in good condition.

Furthermore the statutes of Florida provide for licensing automobiles in the name of the owner, or their operation only by the owner or under his authority in the case of non-residents, and no one has the right to use an automobile on the highways of the State except pursuant to the license which the owner derives from the State to operate that particular car over the highways. Consequently the operator in lawful possession of a car with the consent of the owner in effect operates the car under the authority of the owner's license to use the highways pursuant to Florida statute law, as well as for the benefit of such owner whose agent the operator is, at least to the extent of properly controlling the car, looking after it, preventing damage to it and returning it safely back to such owner who entrusted it.

Such being the nature of the relationship and the automobile being an instrumentality dangerous at least in its operation (2 Mechem on Agency, (2nd Edition) Par. 1945-1946), I think the original Anderson case was properly decided and should not be now overruled. I therefore concur in the opinion prepared by the Chief Justice because I think the case of Southern Cotton Oil Co. vs. Anderson, 80 Fla. 441, 86 So. 629, cited by him is conclusive both on principle and authority.

BUFORD,. C.J., AND WHITFIELD AND TERRELL, J.J., concur.