JESSE RICE and ORLANDO TIRE CO. v. EUNICE PHILLIPS,
et al.

155 So. 723.
Opinion Filed June 13, 1934.
Petition for Rehearing Denied July 9, 1934.

E. W. & R. C. Davis, and Dickinson & Dickinson, for
Plaintiffs in Error;
George B. Carter, for Defendant in Error.

PER CURIAM.—Upon a full consideration of the record
and briefs herein in an action for personal injuries in an
automobile casualty, the court is of the opinion that liability
of the defendant is shown; but it appears that the award
of damages in the sum of $2,000.00 is, under all the cir-
cumstances, excessive; it is, therefore, considered, ordered
and adjudged that if the plaintiff remits $500.00 of the
amount awarded, the judgment will stand affirmed for dam-
ages in the sum of $1,500.00. Otherwise the judgment will
be reversed for a new trial.

It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J.,
concur.

ELLIS and BROWN, J. J., dissent.

BROWN, J. (dissenting).—The declaration seeks to hold both defendants (plaintiffs in error here) liable for an injury caused by the alleged negligence of Jesse Rice, Jr., on the ground that he was at the time driving the car as the agent of both defendants, Jesse Rice, his father, and the Orlando Tire Company, a corporation, of which Jesse Rice, Sr., was the president. The tire company was the owner of the car, but when the accident happened Jesse Rice, Jr., was using the car as the agent of his father, who had sent him on a personal errand for the convenience and benefit of his father. So the allegation that Jesse Rice, Jr., was acting as the agent of the tire company was not sustained and the judgment should therefore be reversed. The declaration was not based on the rule laid down in Herr v. Butler, 101 Fla. 1125, 132 So. 815.

ELLIS, J., concurs in the dissenting opinion by Mr. Justice BROWN.