FORD MOTOR COMPANY, and E. S. DesChamps, Jr., v. FARLEY F. FLOYD, as Administrator of the Estate of Alice Floyd.

188 So. 601.
Division A.
Opinion Filed April 21, 1939.
Rehearing Denied May 17, 1939.

*Marks, Marks, Holt, Gray & Yates,* for Ford Motor Co., Plaintiff in Error;

*George A. Pierce* for E. S. DesChamps, Jr., Plaintiff in Error;

*Will O. Murrell* and *Gov. Hutchinson,* for Defendants in Error.

THOMAS, J.—At the time of the collision, resulting in the injuries for which damages were sought in this litigation, E. S. DesChamps was in the employ of Ford Motor Company, as traveling representative of the "branch" of the Company located in Jacksonville, Florida. In the discharge of these duties, he left that city June 23, 1935, in an automobile, owned by his employer, and returned the following Saturday. Passing through Live Oak, on his way back to headquarters, he visited a woman friend, who agreed to go with him to the beach, several miles east of Jacksonville, to spend the week-end.

After making some calls, but without reporting to the office of the Company he represented, DesChamps and his companion proceeded to Jacksonville Beach, where they rented a cottage. The following morning the woman

secured the keys to the car and traveled alone to another part of the town of Jacksonville Beach to procure ice and a newspaper. At the ice factory she took a drink of gin. As the woman drove back to the place where she had left DesChamps, she overtook and collided with a car occupied by four persons. The impact was so severe that two of the occupants were killed and the others injured.

There is testimony that the accelerator became lodged at various times during the afternoon and evening that Des-Champs and the woman were together. By her story the fatal collision the following morning was attributable to the defective accelerator. She testified that as she overtook the other car her foot slipped from the brake and struck the accelerator, which wedged causing the car she was driving to strike the other at high speed.

Although she had had the same experience with the defective apparatus several times within a few hours, according to her statement, and by disconnecting the electricity or releasing the clutch could have avoided the consequences of an open throttle, and although there was evidence that the motor had been thoroughly tested before its delivery to DesChamps and examination after the collision had failed to show any defect in the accelerator, nevertheless, the jury believed the driver's version of the accident and its cause. In doing so, they acted within their province.

Suits, four in number, were filed against DesChamps and Ford Motor Company, defendants, alleging that they were in *joint* possession and control of an automobile which was in a highly dangerous state of repair and they *jointly* carelessly and negligently placed the same in the management and control of another person who, because of its defective condition ran it against the car of another, causing injury. The cases were tried together and verdicts were found for the plaintiffs in varying amounts.

There was an abundance of evidence to show the negligence of the driver of the automobile, owned by the corporate defendant, and intrusted to her by the owner's representative, but the evidence is not convincing in support of the averments of the declaration that the accident was caused by defective mechanism of the car.

The rules of the Ford Motor Company, as it was said at the trial by witnesses in their employ, prohibited the use of company owned cars for the transportation of any one except employees; provided that no person other than an employee should operate them, and required the delivery of cars driven by traveling representatives to the Jacksonville office upon returning to that city unless the lateness of the hour made that impracticable, in which event delivery could be delayed until the following morning. There seems to have been flagrant abuse of these rules by DesChamps.

The question is: were the Company and the agent *jointly* responsible in these circumstances. To establish this situation plaintiffs undertook to prove that the defendants were in joint possession of the car; that they jointly carelessly and negligently placed it under control of the person who was driving at the time of the accident and that the cause was the vehicle's state of repair.

It is plainly apparent from the record that when the defendant DesChamps reached the city from a journey on behalf of his company that business was for the nonce completed. The continuation of his activities from that time was a junket, having no connection whatever with the business in mind at the beginning of the week when the car was placed in his control for the express purpose of tending the affairs of his employer.

It is impossible to understand how the defendants can be said to have *jointly* possessed the car on the later date and to have then jointly placed it in the hands of another the

while it was in a dangerous condition. DesChamps had authority to go over his territory but such power could not be extended to include a pleasure excursion, wholly disconnected with company affairs and extending beyond the time when he was bound to report to the company's office.

In Warner v. Goding, 91 Fla. 260, 107 South. Rep. 406, where it was shown that injury was caused by the operation of a truck by an employee of the owner while using it for a "straw ride," the court held there was no liability because not done within the scope of the agent's authority.

It is true that the relationship of principal and agent is not relied on here, but the very foundation for the possession by the one defendant is that he got the automobile in the first instance from the other as an agent or employee and that such possession continued until the cause of action originated. It was the theory of plaintiffs that the proof of individual defendant giving his associate the keys and letting her go forth for ice and news supported the allegation that they "jointly * * * placed the same for operation into the management and control of ...................... (driver)." See also Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 South. Rep. 975, L. R. A. 1917E. 715.

The rule was laid down in White v. Holmes, 89 Fla. 251, 103 South Rep. 623, that a bailor is not liable for damage caused by the bailee of a vehicle unless the vehicle was defective or the bailee unfit to drive carefully.

The employer was held, in Eppinger Russell Co., Inc. v. Trembly, 90 Fla. 145, 106 South. Rep. 879, not to be liable for injuries caused by an employee where the former's car was operated by the latter without his consent.

The case here developed in the light of the pleadings does not substantiate the theory that there was, first, joint possession, and, second, joint delivery.

Defendants in error further assert that the corporation

is responsible in damages, under the doctrine of *respondeut superior*, and refer to Herr v. Butler, 101 Fla. 1125, 132 South. Rep. 815, in which is cited Southern Cotton Oil Co. v. Anderson, *supra*. This significant excerpt is from the opinion in the former decision:

"Consequently the operator in lawful possession of a car with the *consent* of the owner in effect operates the car under the authority of the owner's license * * * whose agent the operator is, at least to the extent of properly controlling the car." (Italics supplied.)

We fail to see that the position taken is in harmony with the facts of this controversy.

In Engleman v. Traeger, 102 Fla. 756, 136 South. Rep. 527, to which defendants in error also refer, the court, in discussing the doctrine, mentioned the element of consent.

In this connection it is well to draw attention, however, to cases of this nature cited in brief of defendants in error, notably Rucker v. Smoke, 37 S. C. 377, 16 S. E. Rep. 40, where the principal was stated to be responsible for the acts of an agent within the scope of his authority. It is unnecessary to discuss further this rule, which is so thoroughly supported by the authorities.

The Judge of the United States Court for the Southern District of Florida, in dealing with this identical case, Floyd v. Ford Motor Co., 13 Fed. Sup. 980, observed that there would be no liability on the part of the defendant company if the car was being operated with the consent of Des-Champs only.

We are unable to comprehend how the conclusion can be reached that when the former, as employer, placed in the hands of the latter, as employee, a car to be used in a definite enterprise, which was concluded and the latter went beyond the bounds contemplated in the use of the property, both could be said to then possess and act jointly.

There was testimony on which the jury were justified in basing a verdict in favor of the plaintiffs and against the defendant DesChamps, but, in our opinion, they cannot prevail against the defendant corporation. It is, therefore, ordered that the judgment as to the former be affirmed, and as to the latter be reversed. See 26 R. C. L. p. 781; Lovelace v. Miller, 150 Ala. 422, 43 South. Rep. 734, 14 Ann. Cas. 1139 and note, 11 L. R. A. (N. S.) 670.

It is so ordered, and that one half of the costs of this proceeding be borne by the defendant in error and one half by the plaintiff in error, E. S. DesChamps, Jr.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.