**ATLANTIC FOOD SUPPLY COMPANY, a corporation, v. CAROLINE A. MASSEY, joined by MARCUS O. MASSEY, her husband.**

10 So. (2nd) 718                    June Term, 1942
December 4, 1942                    En Banc

44

*Adair, Kent, Ashby & McNatt,* and *G. G. Ashby & John M. McNatt,* for appellant.

*Rogers, Towers & Bailey, C. D. Towers, J. Henry Taylor & Paul M. Ritter,* for appellees.

BUFORD, J.:

Appeal brings for review judgment in favor of the plaintiff in a suit wherein plaintiff claimed damages for injuries received when defendant's truck was carelessly and negligently driven on a public street so that it turned over and mashed plaintiff's automobile and injured the plaintiff.

There is no question but that the truck was driven in a careless and negligent manner on one of the streets of Jacksonville, Florida. Neither is there any contention that the plaintiff was guilty of any contributory negligence, or that she was not injured, as claimed.

In the suit damages were claimed by Caroline A. Massey for injuries to herself and to her automobile.

In the same suit Marcus O. Massey also claimed damages resulting to him by reason of the injuries to his wife.

The first count of the declaration alleges in effect that on April 17, 1941, Caroline A. Massey was the owner and operator of an automobile which was standing in line of traffic stopped by a traffic light on Beaver Street in Jacksonville. It alleges that defendant, through its servant and employee, acting within the scope of his employment, was operating a tractor and trailer in the rear of said plaintiff's automobile and that the tractor and trailer were so carelessly and negligently operated that the trailer was caused to overturn on plaintiff's automobile, damaging it and injuring plaintiff.

The fourth count is the same as the first except that it alleges that defendant's tractor and trailer were being operated with the knowledge and consent of the defendant.

The third count claims damages sustained by the husband by reason of the wife's injuries.

Other counts were withdrawn.

The pleas submitted covered the general issue and traversed the allegation that defendant's servant and employee

was at the time of the accident acting within the scope of his employment, and also traversed the allegation that its trailer and tractor were being operated with the knowledge and consent of the defendant.

The pleas also allege that the driver of defendant's tractor and trailer was operating them for his own purpose and without its knowledge or consent.

The record shows that the tractor and trailer were the property of the defendant.

The record shows that the defendant employed a driver and an assistant to drive the motor vehicle from Orlando, Fla., to Springfield, Mass., with a load of fruit. Joe Vineyard to whom we have referred as the driver, was put in charge of the vehicle, with Frank Spivey as assistant. The trailer was provided with a sleeping compartment, so that one driver might sleep while the other continued driving. The two drivers would take turns of about 4 hours each, one driving and the other sleeping or resting.

The record shows that after they had delivered the fruit in Springfield, Mass., the employees operating the vehicle were directed by the owner to return by way of Charlottesville, Va., and pick up a load of apples, take them to Jacksonville, Fla., and deliver them to Atlantic Commission Company there, and then to proceed to Orlando. The employees in charge of the vehicle got the load of apples and proceeded to Jacksonville, arriving at a filling station about 4:00 o'clock A. M. The station was closed and they waited around there until about 6:00 o'clock when Vineyard sent Spivey into the filling station to ascertain how soon they could unload the apples at the place where they were to be delivered and, while Spivey was in the station, it just having opened, Vineyard drove off and, when he was apparently returning to the station, where he had left Spivey between two and one-half and three hours after having left him there, and when he was about 4 blocks from the station, the wreck occurred.

When the wreck occurred a woman was riding with Vineyard in the truck. This was strictly against the rules of the owners but, as her presence was not shown to have contributed as a cause of the wreck, that becomes immaterial.

Immediately after the wreck occurred, and before officers had taken him in charge, Vineyard absconded and, so far as the record shows, he has not been seen or heard from by any of the interested parties since. The places which knew him have known him no more. The woman stayed around and answered numerous questions, gave the officers a name and address. The officers later looked for her at that address and found that no woman by that name had ever resided there, so far as the people who lived there knew. She had not been located by any of the interested parties at the time of the trial.

It is the contention of appellant that because Vineyard drove the vehicle away from the filling station not in the necessary performance of his duty to deliver the apples, he was then on his own business and not acting within the scope of his employment, although he was still hauling the apples. It would probably be a somewhat stronger case for appellant, had the wreck occurred when Vineyard was driving away from the filling station, but evidently if he was on his own business, he had finished that and was returning to the filling station to get gas and pick up his assistant when the wreck occurred.

Under the pleadings, however, we do not think it necessary to determine whether or not at the particular time of the accident Vineyard was acting within the scope of his employment. The record shows that the choosing of routes which he should follow through and about cities was left to his own judgment and discretion and the defendant owners of the motor vehicle had entrusted it to Vineyard for the purpose hereinbefore stated and they had thereby assumed responsibility for the consequences of the negligent acts of Vineyard in the operation of the vehicle during the entire trip from Orlando to Springfield, Mass., and return.

There was no abandonment of the employer's business prior to the wreck because Vineyard was retaining control and management of the truck and was hauling the apples which the owner's business required him to deliver to the designated place in Jacksonville. It is true he probably did not go by the shortest route to reach that place. Neither is

it shown that he had any directions as to what route he should take in going there or that he was required to travel directly to the place. He only abandoned the employer's business after the wreck occurred.

Certainly, the liability of the owner of a motor-driven vehicle who places that vehicle in charge and under the management of an employee will be held liable in damages for the result of the negligent operation of that automobile to as great an extent as he would be held liable for like conduct and result of a person to whom he had loaned the automobile, or to whom he had rented the automobile. In Boggs, et al., v. Butler, 129 Fla. 324, 176 So. 174, we said:

"Under the law of this State, if the Owner once gives his express or implied consent to another to operate his automobile, he is liable for the negligent operation of it, no matter where the driver goes, stops or starts. Southern Cotton Seed Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629; Herr v. Butler, 101 Fla. 1125, 132 So. 815; Engleman v. Traeger, 102 Fla. 756, 136 So. 527; Green v. Miller, 102 Fla. 767, 136 So. 532; City Grocery Co. v. Cothron, 117 Fla. 322, 157 So. 891." See also Southern Cotton Oil Co. v. Anderson, 73 Fla. 432, 74 So. 975.

Appellant relies strongly on the case of Ford Motor Co. v. Floyd, 137 Fla. 301, 188 So. 601. That case is not in point. Floyd was not driving the automobile when the accident occurred. Nor was he in control of the automobile at that time. He had, without the knowledge or consent of the owner, entrusted the automobile to his girl friend and she had driven away from the place where he was and while returning to that place became involved in the accident which was the basis of that suit. The doctrine of respondeat superior could not possibly apply there because she was not in the employ of, nor was she the agent of, Ford Motor Company. It was not she to whom the Ford Motor Company had entrusted its motor driven vehicle to be operated upon the highway and, therefore, Ford Motor Company was held not to be liable for the result of her negligent act.

Appellant contends that the judgment is excessive. We think the jury was liberal in its award of damages but we

48

cannot in the face of the record, say that it is such as to shock the judicial conscience. The Circuit Judge had the opportunity of seeing the witnesses, of seeing and observing the plaintiff and when this verdict had been returned by the jury he denied motion for new trial without requiring remittitur.

The judgment should be affirmed.

So ordered.

WHITFIELD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., and TERRELL, J., dissent.