**FINNEY P. LYNCH, DOING BUSINESS AS U-DRIVE AUTOS v. CARL E. WALKER.**

31 So. (2nd) 268
June 24, 1947
Rehearing denied July 25, 1947

June Term, 1947
Division B

*Marks, Marks, Holt, Gray & Yates, Harry T. Gray* and *Francis P. Conroy,* for appellant.

*Joseph M. Glickstein* and *Chester Bedell,* for appellee.

BARNS, J.:

Upon trial the jury's verdict awarded plaintiff $3,500 and plaintiff entered a remitter of $1,000 to avoid a new trial and took final judgment against appellant-defendant for $2,500.00.

The plaintiff's declaration* was in one count of less than a page which was as follows:

"Come now the plaintiff in the above styled cause and sues the defendant for that, heretofore on to-wit: December 3, 1945, the defendant was the owner of a certain automobile which was then and there being operated and driven by one Charles Alonzo Hardesty with the knowledge and consent of said defendant in a Easterly direction upon West Ashley Street at the intersection of West Ashley Street and Pearl Street in the City of Jacksonville, Florida, and at said time and place, the said Charles Alonzo Hardesty so negligently and carelessly drove and operated said automobile that the same was forced and driven into and against the automobile of the plaintiff then and there being driven and operated by plaintiff by reason whereof the plaintiff was injured in and about his head, body, limbs and nervous system and by reason whereof plaintiff suffered great pain and anguish and will continue so to suffer for a long time, to-wit: permanently; and plaintiff was thereby rendered incapable of attending to his business and was obliged to and did incur certain medical expenses and thereby plaintiff's automobile was completely wrecked and demolished.

"WHEREFORE, plaintiff sues and claims $5,000 damages."

The three pleas* forming the issues were as follows:

---

*These pleadings are copied to demonstrate the simplicity of pleadings when the pleader fully comprehends the essential requirements.

1. That she is not guilty.

2. That at all times mentioned in said declaration the defendant was engaged in the business of renting automobiles for hire, to-wit: U-Drive-It automobiles, and that the said defendant prior to the time of the accident alleged in said declaration, in the usual course of her business, had hired and rented her said automobiles referred to in said declaration to one Charles Alonzo Hardesty, and that at the time and place of said accident referred to in said declaration the said automobile of this defendant was being operated by said hirer and not otherwise, and was being operated as a hired automobile under and by virtue of the license issued to this defendant for her said for hire car, to-wit: License No. 2E-29 Florida 1945, which said license had not been revoked and was in full force, and said automobile as a for hire license permitting the use and operation of said automobile on the public highways of the State of Florida as a for hire automobile.

3. That the negligence of the plaintiff proximately contributed to causing the accident, injury and damages complained of in this, to-wit: that the plaintiff carelessly and negligently drove, operated and propelled the automobile in which he was riding and by reason thereof was caused to and did come into collision with the automobile of this defendant.

The appellant-defendant has appealed and makes the following assignments of error*:

1. The Court erred in entering its order dated September 4, 1946, sustaining the plaintiff's demurrer to defendant's amended second plea.

2. The Court erred in its order entered November 9, 1946, after rehearing, where it sustained plaintiff's demurrer to defendant's amended second plea.

The appellant bases his claim for reversal upon White v. Holmes, 89 Fla. 251, 103 So. 623, which in effect held that a bailor on an automobile for hire was not liable for the torts of the bailee. In this White v. Holmes Case the *ratio decidendi* seems to be reflected in these words,

---

*These pleadings are copied to demonstrate the simplicity of pleadings when the pleader fully comprehends the essential requirements.

". . . There was no relation of master and servant or of principal and agent between the bailor and bailee, but a mere bailment for hire by one engaged in the particular business of hiring automobiles without drivers to others for their own purposes. . . . The rules of liability stated in Anderson v. Southern Cotton Oil Co., 73 Fla. 432.74 South, Rep. 975, and Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 South. Rep. 629, have reference to the facts of those cases showing a relation of employer and employee or principal and agent. . . ."

White v. Holmes, 89 Fla. 251, 252, 103 So. 623.

Warner v. Goding was a case where the appellant-defendant appealed a judgment against him and assigned as error that the evidence "does not show that at the time of the accident resulting in the injury to the defendant in error the driver of the truck was acting within the scope of his employment or about his master's business. . . ."

And this Court in reversing the case stated:

"In this state of the evidence the injury to defendant in error could not be said to have been caused by the servant of plaintiffs in error when acting within the scope of his employment, but was caused at a time when the servant was engaged in an act beyond the scope of his employment and without the knowledge, acquiescence or consent of the master either express or implied. The master is not therefore liable. . . ."

Warner et al. v. Goding 91 Fla. 260, 269, 270, 107 So. 406. citing for authority Eppinger & Russell v. Trembly 90 Fla. 145, 106 So. 879; White v. Holmes 89 Fla. 251, 103 So. 623.

The Court in Warner v. Goding in reviewing the decisions of Southern Cotton Oil Company Case recites under the facts of that case it was for the jury to determine whether or not the driver of the car was at the time of the injury acting within the scope of his authority as agent for his employer or whether he had abandoned his master's business and stated:

". . . The majority opinion in Southern Cotton Oil Company v. Anderson, has been interpreted by some as a de-

parture from or modification of the doctrine of Respondeat Superior by this Court, but it was not so intended. . . ."

Warner et al. v. Goding, 91 Fla. 260, 267, 107 So. 406.

In Eppinger & Russel Co. v. Trembly 90 Fla. 145, 106 So. 879, we reversed the trial judge for giving the following charge, to-wit:

". . . The important question is whether the defendant gave its employee, one Sweat, either express or implied permission to use the auto truck to take it into his custody or control and operate it on the public highways, and it is immaterial whether the employee was using it in the defendant's business or the course of his employment as a servant of defendant or in the personal business or personal pleasure of the employee. The kind of use of which the employee was using the auto truck that is whether for defendant or himself is not material."

All the foregoing decisions seem to be consistent with each other and the general law of torts as of the time decided. However, on the appeals of Southern Cotton Oil Company Case there appear two statements which may have been dictum which are broader in scope than the holding in any of the foregoing decisions, which statements were as follows:

On the first appeal of the Southern Cotton Oil Company Case was stated:

". . . The principles of the common law do not permit the owner of an instrumentality that is not dangerous per se but is peculiarly dangerous in its operation, to authorize another to use such instrumentality on the public highways without imposing upon such owner liability for negligent use. The liability grows out of the obligation of the owner to have the vehicle, that is not inherently dangerous per se but peculiarly dangerous in its use, properly operated when it is by his authority on the public highways. . . ."

Anderson v. Southern Cotton Oil Co. 73 Fla. 432, 441, 74 So. 975.

On the second appeal of Southern Cotton Oil Company Case in speaking of *automobiles* we stated:

". . . One who authorizes and permits an instrumentality that is peculiarly dangerous in its operation to be used by

another on the public highway is liable in damages for injuries to third persons caused by the negligent operation so authorized by the owner."

Southern Cotton Oil Co. v. Anderson 80 Fla. 468, 86 So. 629, 638.

Some confusion has arisen as to the distinction between the relationship of master and servant and principal and agent which seems to be classified by Am. Jur. as follows:

". . . A master is a species of principal, and a servant a species of agent; 'master' and 'servant' are not, however, wholly synonymous with the terms 'principal' and 'agent.' An agent is not only employed by the principal but represents him as well, and an agency contemplates contractual liability on the part of the principal arising from the acts of the agent, whereas the servant merely acts for the principal usually according to his direction without discretion. . . ."

35 Am. Jur. Sec. 4.

"Bailment," "agency" and "master and servant" are distinct concepts and involved different relationships which often comprehend some similar facts. 6 Am. Jur. Sections 56 and 58, pages 184, 187. The doctrine of *respondeat superior* is one of implied agency by reason of the relationship of "master and servant."'

In Herr v. Butler 101 Fla. 1125, 132 So. 815, and in Engleman v. Treager 102 Fla. 756, 136 So. 527, the tort-feasor was a gratuitous bailee of an automobile and the bailor was held liable for a tort committed by the bailee by means of such automobile.

In Crenshaw Bros. Produce Co., Inc. v. Harper 142 Fla. 27, 194 So. 353; City of Tampa v. Easton 145 Fla. 188, 198 So. 753; Atlantic Food Supply Co., v. Massey 152 Fla. 43, 10 So. 2nd 718; Jacksonville Paper Co. v. Carlile 153 Fla. 661, 15 So. 2nd 443; the relationship of master and servant existed and the master was held liable for the torts of the servant when committed by means of an automobile bailed to the servant by the master.

In Ford Motor Co. v. Floyd 137 Fla. 301, 188 So. So. 601, the tort was committed by means of an automobile owned by the Ford Motor Company which car was placed in the posses-

sion of its agent, Des Champs, Des Champs in turn bailed the car to his friend to the advancement of matters of exclusive concern to them and not related to the interest of Ford Motor Company; and when his friend in its operation committed a tort Des Champs was held liable but not the Ford Motor Company.

In addition to the authorities cited in the preceding three paragraphs, there are many others of our decisions where we have held the owner of an automobile liable for the negligence of one operating it with his knowledge or consent.

As to those cases following the broad statements quoted above from each of the two appeals of the Southern Cotton Oil Co. case there has arisen some confusion as to the basis of liability of a bailor-owner of an automobile for torts committed by his bailee. In some cases the liability is based on the general allegations of principal and agent and in other cases the liability is an implied agency growing out of the relationship of master and servant; while in other cases liability is one mere bailment often called "entrustment;" others speak of liability because of "license."

"Ordinarily when one bails an automobile to another and such other negligently injures a third person, liability as a matter of substantive law is not essentially dependent upon the relationship of "master and servant," "principal and agent," or "license."

In all these different relationships there appears a common and basic factor to wit: *When an owner authorizes and permits his automobile to be used by another he is liable in damages for injuries to third persons caused by the negligent operation so authorized by the owner.*

By reason of the doctrine of stare decisis liability under the foregoing circumstances has been so repeatedly and consistently adhered to by the decisions that it has become law.

Liability as thus established has often been referred to as the "law of dangerous instrumentalities" which may not be literally correct—an automobile is a dangerous instrumentality and it is the law of respecting automobiles. We are not advised that such liability in relation to automobiles has been extended to all dangerous instrumentalities.

As time passed the law grew. The decisions of White v. Holmes, Warner v. Goding and Eppinger & Russell Co., v. Trembly were during an era which ended with the cases of Herr v. Butler and Engleman v. Traegar. Beginning with these latter cases another era began and the bailor-owner of an automobile for hire, lost his immunity and the holdings in such cases in conflict with the above quoted language of the Anderson-Southern Cotton Oil Company decisions are hereby overruled.

Two other assignments of error are argued by appellant, to-wit:

"10. The verdict was grossly excessive, and the judgment entered after the entry of the remittitur is grossly excessive and is not supported by the evidence.

"11. The Court erred in entering the judgment dated January 28, 1947, in the amount of $2,500.00 against the defendant."

Under the constraint of a new trial being granted plaintiff remitted $1000 of the jury's award. Plaintiff has shown property loss and actual expenditures totalling approximately $1000. Plaintiff was thrown from his car by force of the collision and rendered unconscious; was taped for three weeks from hips to armpit and confined to his home; was away from his business and unable to resume work for more than a month and did not fully recover for several months. We are not able to conclude that the judgment of $2500 is unreasonable.

Affirmed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.