103 So.2d 243 (1958)
Arthur LEONARD, James Leonard, and Patricia Leonard, infants, by and through Arthur H. Leonard, Jr., their father and next friend, and Arthur H. Leonard, Jr., and Marjorie Leonard, Appellants,
v.
SUSCO CAR RENTAL SYSTEM OF FLORIDA, Inc., a Florida Corporation, and Domingo Gonzales, Appellees.
No. 57-351.
District Court of Appeal of Florida. Third District.
June 5, 1958.
Rehearing Denied June 26, 1958.
Truett & Watkins and Levenson & Thomas, Miami, for appellants.
Knight, Smith, Underwood & Peters, Miami, for appellees.
PEARSON, Judge.
The trial judge granted motion of the appellee, Susco Car Rental of Florida, Inc., for a summary final judgment in a negligence action brought by the plaintiffs-appellants. The action arose out of an automobile accident in which the appellants were injured. It is alleged that the accident was a result of the negligence of the driver of a car owned by the appellee, a rental car agency. The driver of the rented car at the time of the accident was not the person to whom it was rented.
The appeal is in this court upon a stipulated record, of which, the following are the significant paragraphs:
"1. On September 18, 1956, one Humberto Salicetti rented a 1956 Chevrolet four-door Sedan, license plate #IE-2163, from Susco Car Rental System of Florida, Inc., at its Miami Office; in connection with this rental, a contract of rental was executed, a true copy of which is attached hereto as exhibit `A'.
"2. At the time the rental contract was signed the manager of defendant company advised Mr. Salicetti the rented vehicle was to be driven by no one other than himself, inasmuch as that was one of the conditions of the rental and insurance contract.
"3. On September 19, 1956, in or about the 4600 block on N.W. 36th Street in Miami, the rented automobile being driven by one Domingo Gonzales, a person unknown to the defendant company, was involved in an accident with the plaintiff's automobile; subsequently a claim for damages was filed naming as defendants Susco Car Rental System of Florida, Inc., the car owner, and Domingo Gonzales, the operator; in the automobile at the time *244 of the collision were the operator and two other young men.
"4. A Motion for Summary Judgment was filed by defendants Susco Car Rental System of Florida, Inc., upon the basis of the pleading, the deposition of Marjorie Leonard, and the Affidavit of the manager of the company; service of process was not obtained upon defendant Domingo Gonzales and his whereabouts are unknown.
"5. The Court, on April 25, 1957, entered Final Summary Judgment in favor of defendant Susco Car Rental of Florida, Inc., upon the basis that the contract violation in allowing the vehicle to be driven by someone other than the lessee, contrary to the expressed terms of the rental agreement, relieved the company of responsibility for damages resulting from the operation of the vehicle, the alleged negligence of the operator notwithstanding; copy of such Final Summary Judgment is attached hereto as exhibit `B'.
"6. The sole issue on appeal is whether or not the owner company is relieved of responsibility for damages resulting from the operation of the vehicle by someone other than the person to whom it was rented, when such operation is contrary to the expressed terms of the printed contract, and the oral instruction given Mr. Salicetti at the time of rental."
It will be observed that the parties have stated in their stipulation the sole point which they find is presented. It is also apparent that other points might be raised, but inasmuch as the question as stated does arise from the facts stipulated, and it is the question argued before us, we will limit our discussion to that question. However, let us state it in this manner: Where an owner of a rental auto, contracts with a bailee, that the bailee shall not allow another to use the car, is the owner by said contract relieved from responsibility for the negligent operation of the automobile by any person, save and except the one person who executed the contract of rental? For it may be accepted as true, without demonstration, that there are many situations, neither included nor excluded from the stipulated facts, whereby the owner might be relieved from liability. We are concerned here only with the holding of the trial judge that the owner could not be liable because of the provision in the rental contract that no one except the renter was authorized to operate the car. We hold that the provision in the contract between the owner and the bailee was not sufficient to bar all liability of the owner for the negligent operation of the auto by a person other than the bailee, and that therefore the summary final judgment must be reversed.
The Supreme Court of Florida has announced[1] and consistently adhered to[2] the so-called dangerous instrumentality doctrine as applied to automobiles. The principle of liability thus referred to has been stated to be: "When an owner authorizes and permits his automobile to be used by another he is liable in damages for injuries to third persons caused by the negligent operation so authorized by the owner."[3]
In addition this principle of liability has been recognized by legislative enactment in Florida,[4] since its announcement by the Supreme Court.
*245 The judicial development of this ground for liability in the negligent operation of automobiles has been traced in Lynch v. Walker, 159 Fla. 188, 31 So.2d 268.[5]
Upon first impression it was held that a person who rented an automobile to another was not liable to a third person who was injured as a result of the negligent operation of the automobile by the hirer.[6]
However, in the case of Herr v. Butler, 101 Fla. 1125, 132 So. 815, the Court held an owner of an automobile liable for injuries caused by the negligent operation of the automobile by a gratuitous bailee. And in Lynch v. Walker, supra, the Court held the owner, who was engaged in a U-Drive-It business, liable for the negligent operation of a rental automobile. It will be noted that the opinion was not based upon the relationship of "principal and agent" but upon the ground that such an owner had "authorized and permitted" the use by another.[7]
A case which soon followed the Lynch case was Carter v. Baby Dy-Dee Service, 159 Fla. 380, 31 So.2d 400. The Court held an owner liable for the negligent operation of his automobile where the borrower of the automobile allowed another to drive the automobile. However, the opinion did not follow to its conclusion the route of suggested reasoning in the Lynch opinion but grounded the holding upon the fact that the bailee, being in the automobile, was still in presumptive possession of the automobile.
In Johnson v. Mills, Fla. 1948, 37 So.2d 906, the driver was an employee of the owner and was using the business truck on Sunday without permission. The owner was not held liable because it affirmatively *246 appeared that the operation of the truck was without the owner's consent.
The emphasis upon consent as an element necessary for liability was again illustrated in Sykes v. Babijuice Corp., Fla. 1953, 63 So.2d 65. There the Court held an owner was not liable where a night watchman without permission, expressed or implied, took one of defendant's trucks from the premises on a personal mission.
However where consent has been given and the agent has exceeded his authority in the use made of an automobile, it appears that the liability of the owner will not be altered because of a departure beyond the scope of the authority.[8]
In Chase & Co. v. Benefield, Fla. 1953, 64 So.2d 922, 924, the driver was the employee of the owner and had custody of the automobile on week-ends. The owner was held liable even though the Court found: "It may be that he (the driver) was instructed by the owner not to use the truck except to haul the crew but he was given custody of the truck and he was particularly employed as a truck driver, by the owner." The conclusion of liability could only have been reached upon the basis of an implied consent growing out of custody.
A further development in the application of the dangerous instrumentality doctrine to U-Drive-It cases is the case of Fleming v. Alter, Fla. 1953, 69 So.2d 185, 186. An automobile was rented to a hotel patron. The hirer or bailee allowed another (his ostensible wife) to use the automobile. The owner was held liable for an accident arising out of the negligent operation of the automobile by the permissive operator. Certain language of the opinion is indicative of the basis of the holding. It is as follows:
"* * *. To hold that liability would be limited to damage caused by the bailee alone when a dangerous instrumentality is put in circulation in such fashion would be entirely beyond our conception of the responsibility one should assume where he is in the business of entrusting vehicles of such character to another for a price. This implication is underscored by the nonexistence of any clause in the contract specifying that the motor car should be operated only by the renter."
The appellee points out that it has now removed the underscoring mentioned in the last quoted sentence. In the instant case the rental contract contained a special provision that the car could be operated by no one except the bailee.[9] The appellee urges that when the Supreme Court referred to the absence of such a clause in *247 the contract in Fleming v. Alter, supra, it actually pointed out an escape hatch. It is argued that the inclusion of the clause suggested, provides an exception to liability, implicit in the opinion. Such an interpretation seems to us strained especially in view of the fact that appellee does not suggest that the inclusion of the sentence: "I further agree to abide by all Federal, State and Municipal laws which pertain to operation and return of said auto," also provides a shield from liability for a traffic violation.
It may be pointed out that we are not in the instant case dealing with a gratuitous lending of an automobile to a friend for a limited purpose or errand. The defendant is in the business of furnishing automobiles for hire. When this defendant turns over an automobile to another for a price, he in actuality intrusts that automobile to the renter for all ordinary purposes for which an automobile is rented. The fact that the owner had a private contract or secret agreement with the renter cannot make such restrictions a bar to the rights of the public. The restrictions agreed upon do not change the fact that the automobile was being used with the owner's consent. Nor does it appear that the car was not being used for the purpose for which it was rented, i.e., the pleasure, convenience or business of the renter.
The summary judgment in favor of the defendant-owner is reversed and the cause remanded for further proceedings not in conflict with this opinion.
Reversed and remanded.
HORTON, J., concurs.
CARROLL, CHAS, C.J., dissents.
CARROLL, CHAS., Chief Judge (dissenting).
I am unable to agree with the holding as announced in the majority opinion in this case that when a car rental company leases an automobile to a person, with a provision against the lessee allowing another person to use it, the lessor will be liable for an injury negligently caused by a third person to whom the lessee of the automobile may entrust it, and I respectfully dissent from this court's judgment of reversal.
Here the appellee entered into a car rental contract with one Humberto Salicetti for the use of an automobile owned by the appellee. The lessee Salicetti, although having contracted not to do so, later entrusted it to a third person, the defendant Domingo Gonzales. Gonzales was involved in an accident, which resulted in a tort action against him and against the appellee-lessor.
It is well established that an individual owner who entrusts his automobile to another will be liable for loss or injury caused by the negligent operation of his automobile by such person. In the recent case of Weber v. Porco, Fla. 1958, 100 So.2d 146, 149, the Supreme Court said:
"Beginning with Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975, L.R.A. 1917E, 715; also Id., 80 Fla. 441, 86 So. 629, 16 A.L.R. 255, and following the long line of decisions since then, this court has consistently applied the rule of respondeat superior in recognizing the liability of an owner of an automobile for the negligent operation of his automobile by one who drives with his expressed or implied permission, knowledge or consent."
The liability thus imposed on an individual owner was applied to an owner who rents an automobile to another for a consideration, by Lynch v. Walker, 159 Fla. 188, 31 So.2d 268, at page 271, in which case the court said:
"Ordinarily when one bails an automobile to another and such other negligently injures a third person, liability as a matter of substantive law is not essentially dependent upon the relationship of `master and servant', `principal and agent', or `license'.

*248 "In all these different relationships there appears a common and basic factor to wit: When an owner authorizes and permits his automobile to be used by another he is liable in damages for injuries to third persons caused by the negligent operation so authorized by the owner.
"By reason of the doctrine of stare decisis liability under the foregoing circumstances has been so repeatedly and consistently adhered to by the decisions that it has become law.
* * * * * *
"As time passed the law grew. The decisions of White v. Holmes, Warner v. Goding [91 Fla. 260, 107 So. 406] and Eppinger & Russell Co. v. Trembly [90 Fla. 145, 106 So. 879] were during an era which ended with the cases of Herr v. Butler and Engleman v. Traeger [102 Fla. 756, 136 So. 527]. Beginning with these latter cases another era began and the bailor-owner of an automobile for hire lost his immunity * * *."
Such liability stems from the owner's express or implied consent for the use of his automobile by the bailee or person to whom he has entrusted it and whose negligence causes the loss or injury involved.
Where permission, knowledge or consent for another to use an owner's automobile is not present, and where the circumstances will not justify implying such permission, knowledge or consent, the owner is not liable for an injury resulting from another's negligent use of the automobile. See Johnson v. Mills, Fla. 1948, 37 So.2d 906, and Sykes v. Babijuice Corp., Fla. 1953, 63 So.2d 65.
The case of Carter v. Baby Dy-Dee Service, Inc., 159 Fla. 380, 31 So.2d 400, 401 did not depart from that rule, when it held the owner liable for negligent operation of its automobile by a third person driver (other than its bailee), because the court based liability on the theory that since the bailee was in the automobile at the time involved, the bailee, that is, the party to whom the owner had entrusted the automobile was in possession and control of it, saying "Although Willie June Wiggins (the bailee) was not driving the car at the time of the accident, she was in it and presumptively possessed of it as bailee." If the Carter case enlarges the scope of the liability of a car owner consequent upon its bailment by him to another, the enlargement is that if the bailee is in the car, and thus presumably in possession and control, then regardless of who actually drives the car, the owner will be liable for its negligent operation. It should be observed in the present case that, according to the stipulated record here, the bailee Salicetti was not in the car at the time of the accident.
Thus it was held that an owner was not liable for negligent injury inflicted by a third person to whom his bailee had loaned the car (the bailee not being in the car at the time of the accident), as the driver was operating the car without the owner's knowledge or consent. Ford Motor Co. v. Floyd, 137 Fla. 301, 188 So. 601. The holding in the Ford Motor Co. case was so construed and explained, though held to be not in point, in the case of Atlantic Food Supply Co. v. Massey, 152 Fla. 43, 10 So.2d 718, 720, as follows:
"Appellant relies strongly on the case of Ford Motor Co. v. Floyd, 137 Fla. 301, 188 So. 601. That case is not in point. Floyd was not driving the automobile when the accident occurred. Nor was he in control of the automobile at that time. He had, without the knowledge or consent of the owner, entrusted the automobile to his girl friend and she had driven it away from the place where he was and while returning to that place became involved in the accident which was the basis of that suit. The doctrine of respondeat superior could not possibly apply there because she was not in the employ of, nor was she the agent of, Ford Motor Company. It was not she to whom the Ford Motor Company had *249 entrusted its motor driven vehicle to be operated upon the highway and, therefore, Ford Motor Company was held not to be liable for the result of her negligent act."
The law furnishes no basis to apply a different rule to a company in the business of leasing automobiles, or a U-drive-it rental car agency. In Fleming v. Alter, Fla. 1953, 69 So.2d 185, 186, the Supreme Court held that a rental car owner was lia-able for negligent use of the car by a third person to whom its lessee had entrusted the vehicle. Such holding was arrived at when the court found that under the circumstances of that case it could be implied that the ultimate user did so with the knowledge and consent of the rental car owner.
In the Fleming case the lessee, in turn, permitted use of the automobile by a woman with whom he was living as his wife, and the Supreme Court held that when an automobile is leased to a person, then in the absence of a restriction in the contract to the contrary, "an implied consent arises that it will be driven by the members of the bailee's family who would normally operate the vehicle were it the man's own."
It is important to note two points there: First, the Court in the Fleming case did not hold that liability would result from negligent use of the automobile by anyone to whom the lessee might further entrust it, but from its use by members of his family, and then because consent to its use by the family could be implied. Secondly, the restriction of liability by the Court in the Fleming case, for negligent use of the car by third parties, to members of the lessee's family, amounts to a holding that liability is not extended for negligent use by other persons to whom the lessee might entrust the automobile, without the owner's knowledge and consent.
The latter point is made more apparent when it is seen that in the Fleming case the Supreme Court assigned due importance to the circumstance that the contract under which the automobile was leased did not restrict the use of the vehicle to the lessee alone. There again, when the Supreme Court found liability in the Fleming case because of the absence of such restrictive language in the contract, that amounted to an expression by the Supreme Court of the view that if the contract had denied permission for use of the automobile by any other than the lessee, then its use by another to whom the lessee might entrust it notwithstanding such restriction, would have been without the knowledge and consent of the owner and there would have been no basis on which to imply consent.
In the majority opinion in this case the contract was regarded by the court as one containing a provision by the rental car owner restricting the use of the car to the bailee. The court then proceeded to hold that such a restriction was not effective to relieve the rental car owner from liability for its negligent use by a third party to whom the bailee further extended it (contrary, as I see it, to the clear ruling and implication of the Supreme Court in the Fleming case as to the effect to be accorded to such a restriction in a contract of that kind).
The contract provision in question in this case stated: "I certify that no one but myself will drive this car without your express written consent." That provision of the contract was not in the form of a restriction imposed by the owner, but was a promise by the lessee. The manager's statement, which was mentioned in paragraphs 2 and 6 of the stipulated record, and which dealt with the subject of restricting the use of the car to the bailee, does not appear as a separate or additional oral restriction, because what he said was keyed to the contract, and he simply warned the bailee by calling attention to the restriction on the use of the car as it was contained in the contract.
Being in the form of a promise by the lessee that he would not extend the use of the car, rather than in the form of an express prohibition by the lessor, it could be *250 argued that the provision was not an effective and positive one against extension of the use of the automobile by the lessee to another. So construed, there would have been no need to pass on the effect which a positive restriction might have. But in the present case the court held that even an express provision against extension of the use of the car by the bailee to another would not relieve from liability, and the decision regarding such restriction of use was not put on the basis that the provision as worded was ineffective and not positive in form.
Although the contract clause here may not have amounted to a positive prohibition against use of the car by others than the lessee, at least that provision and the oral warning by the manager showed an intention of the parties, and an effort on behalf of the lessor to prevent an extension of the use of the car to others. With those actions of the parties showing clear contrary intent, there remained no reasonable basis upon which to imply consent by the owner to such use by the third party.
In the consideration of this case by this court, it has been assumed that the bailee of the car entrusted it to the third party. However, the stipulated record is silent as to how this third party driver obtained the car while the bailee was entitled to its possession and use.
The doctrine under which this vicarious liability of an automobile owner is imposed, is founded on an owner's consent to the use of his automobile by another. Implied consent, as well as express consent, will support such liability when the circumstances clearly and fairly permit such implication. It follows that where consent is not given, and, of course, where such consent is expressly withheld, and where there is no reasonable basis upon which to imply it, the car owner is not liable.
Therefore, when this court imposes liability on the (rental car company) owner, for negligent use of its automobile by a stranger to the owner, to whom the lessee of the automobile shall have entrusted it without the owner's knowledge or consent, and against a contract provision, the court does so beyond and without the benefit of the express or implied knowledge or consent of the owner for its use by such third person, which under the law is the essential basis for such liability.
If there are reasons of public policy which should call for the exercise of the police power of the State, thus to single out U-drive-it automobile companies to impose upon them a liability which does not apply to other automobile owners, it would seem that such a matter would be one for the legislature and not for a court.
I would affirm the summary judgment, entered by the trial court in favor of the defendant-appellee.
NOTES
[1] Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975, L.R.A. 1917E, 715; Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255.
[2] Weber v. Porco, Fla. 1958, 100 So.2d 146.
[3] Lynch v. Walker, 159 Fla. 188, 31 So.2d 268, 271.
[4] Section 51.12 Fla. Stat., F.S.A. "Complaint; negligent operation of vehicle by person other than owner. In any action brought by a person for damages claimed to have been sustained by reason of the negligent operation of a motor vehicle by a person other than the owner thereof, with respect to the element of liability of such owner for any such negligence of such driver of said vehicle, it shall be sufficient in the complaint filed in such action to allege operation of said vehicle by the driver thereof and the name of the owner thereof, without the necessity of alleging the legal relationship existing between such owner and driver or any other averments of fact related to authority or consent of such owner with respect to the operation of said motor vehicle by the driver thereof. In any such action, should the owner of any such motor vehicle desire to urge as a defense therein a denial of liability for the alleged negligent acts of any such driver in the latter's operation of said vehicle, such defense shall be set forth in the answer, particularly alleging the facts upon which said owner relies for his denial of liability for such acts of said driver. Upon trial of any such action, the plaintiff therein, with respect to the element of liability of said owner for such acts of said driver, shall be required only to prove by competent evidence the ownership of said vehicle and the driver thereof at the time of the alleged negligent operation of the same, to establish a presumption of liability of said owner for any such negligent acts of said driver in his operation of such vehicle, said presumption being subject to rebuttal by said owner by competent evidence within the limits of the facts set forth in the answer."
[5] See also note, "The Dangerous Instrumentality Doctrine: Unique Automobile Law in Florida," 5 U.Fla.L.Rev. 412 (1952).
[6] White v. Holmes, 89 Fla. 251, 103 So. 623.
[7] "As to those cases following the broad statements quoted above from each of the two appeals of the Southern Cotton Oil Co. cases there has arisen some confusion as to the basis of liability of a bailor-owner of an automobile for torts committed by his bailee. In some cases the liability is based on the general allegations of principal and agent and in other cases the liability is an implied agency growing out of the relationship of master and servant; while in other cases liability is one mere bailment often called `entrustment'; others speak of liability because of `license'.

"Ordinarily when one bails an automobile to another and such other negligently injures a third person, liability as a matter of substantive law is not essentially dependent upon the relationship of `master and servant', `principal and agent' or `license'.
"In all these different relationships there appears a common basic factor to wit: When an owner authorizes and permits his automobile to be used by another he is liable in damages for injuries to third persons caused by the negligent operation so authorized by the owner." Lynch v. Walker, 159 Fla. 188, 31 So.2d 268, 271.
[8] See Boggs v. Butler, 129 Fla. 324, 176 So. 174, 176, where the Court states "Under the law of this state, if the owner once gives his express or implied consent to another to operate his automobile, he is liable for the negligent operation of it no matter where the driver goes, stops, or starts." To the same effect, see Jacksonville Paper Co. v. Carlile, 153 Fla. 661, 15 So.2d 443; May v. Palm Beach Chemical Company, Fla. 1955, 77 So.2d 468.
[9] "I agree to return to the Susco Rent-A-Car System said automobile within 1-2-days in perfect condition, reasonable wear and tear excepted, pay promptly all charges which have accrued from such rental and agree to pay for all repairs, parts and labor, for any loss, damage, injuries or expenses to said car, together with same daily charge until car is repaired. It is understood that while the car is in my possession, and until it is returned to you, I accept and assume full responsibility from whatever cause for all damages or injuries that may be caused by me or by the said car and covenant to hold you free and harmless, and indemnify and protect you from any and all loss, liability, claim or damage done to others.

"I further certify that the above reference statement is true and correct and warranted and represented by me to be the truth, knowing that you will rely thereon. I certify that no one but myself will drive this car without your express written consent. I further agree to abide by all Federal, State and Municipal laws which pertain to the operation and return of said auto.
"Car will be driven Miami area."